ALBERT BALZ et al., Plaintiffs, v. KAUFFMAN & MINTEER, INC., et al., Respondents, et al., Defendant. (Action No. 1.) NORMAN J. COHEN, an Infant, by His Guardian ad Litem HYMAN COHEN, et al., Appellants, v. KAUFFMAN & MINTEER, INC., et al., Defendants. (Action No. 2.) SHIRLEY HELFANT et al., Plaintiffs, v. KAUFFMAN & MINTEER, INC., et al., Defendants. (Action No. 3.) HAROLD ROSS, Plaintiff, v. KAUFFMAN & MINTEER, INC., et al., Respondents, et al., Defendant. (Action No. 4.) THEODORE HYZER, Plaintiff, v. KAUFFMAN & MINTEER, INC., et al., Respondents, et al., Defendant. (Action No. 5.) KENNETH L. HYZER, an Infant, by His Guardian ad Litem, MORRIS HYZER, et al., Plaintiffs, v. KAUFFMAN & MINTEER, INC., et al., Respondents, et al., Defendant. (Action No. 6.) FORREST SHERWOOD, Plaintiff, v. KAUFFMAN & MINTEER, INC., et al., Respondents, et al., Defendant. (Action No. 7.) — Appeal by plaintiffs in action No. 2 from an order of Special Term, Sullivan County, consolidating all seven of the above-entitled actions and directing that the venue of the consolidated actions be Sullivan County. These actions arise from a motor vehicle accident which occurred in Liberty, Sullivan County, New York on July 25, 1954, as the result of which three persons died and several were injured. Five of the actions were commenced with Sullivan County designated as the place of trial; one had its venue in Bronx County and one in New York County. The defendants, Kauffman & Minteer, Inc., and Arthur Crawford, moved to consolidate the actions. The motion was not opposed by the other defendant or by the plaintiffs whose actions were pending in Sullivan County, but was opposed by the plaintiffs in actions No. 2 and No. 3 whose actions were pending in Bronx County and New York County respectively. After hearing the parties and considering the matter, Special Term granted the order of consolidation from which the plaintiffs in action No. 2 have appealed. The provision of the Civil Practice Act permitting consolidation should be used whenever possible without injustice to any of the parties. No doubt some inconvenience will be caused the plaintiffs-appellants by the consolidation and the shifting of the venue of their causes of action. However, the inconvenience will not amount to an injustice to them and we should not interfere with the discretion exercised at Special Term. (*Edwards* v. *Lewin,* 284 App. Div. 28.) Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.