◼ Louis Liotta, Plaintiff, v. Harry Pollack et al., Defendants. (Action No. 1.) Howard Smith, Respondent, v. Louis Liotta et al., Appellants, et al., Defendants. (Action No. 2.) Charlotte Pollack et al., Respondents, v. Louis Liotta et al., Appellants. (Action No. 3.) — *Per Curiam.* Defendants Liotta in Actions Nos. 2 and 3 appeal from an order of the Supreme Court at Special Term denying their motion for a joint trial of the above-entitled actions in Sullivan County. The actions stem from a collision between two automobiles which occurred in that county and were instituted to recover damages for personal injuries except those of plaintiffs, Charlotte Pollack and Harry Pollack, which are to recover for property and derivative damages respectively. Actions Nos. 1 and 2 are pending in Sullivan County and have been noticed for trial in the Supreme Court. Action No. 3 whose venue was laid in the Supreme Court of the adjoining County of Orange was commenced about one year later and had not been noticed for trial when the motion was made. Only the plaintiffs in Action No. 3 opposed a joint trial. Anomalously two of them as defendants in Actions Nos. 1 and 2 registered no opposition to the grant of the motion. Since the actions arose out of the same accident and present common factual questions a classic example is presented for the application of the joint trial procedure provided in section 96-a of the Civil Practice Act (CPLR 602, subd. [a]). In our opinion Special Term should have exercised its discretion in favor of the application. (*Edwards* v. *Lewin,* 284 App. Div. 28; *Balz* v. *Kauffman & Minteer,* 285 App. Div. 1206.) Order reversed, on the law and the facts and in the exercise of discretion, and motion granted, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.