■ In the Matter of 1761 FOREST AVENUE CORP., Doing Business as SIT N' SHOP, Respondent, v. STATE LIQUOR AUTHORITY, Appellant.— In a proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority, which disapproved petitioner's application for a retail beer license for off-premises consumption, the Authority appeals (by permission) from an order of the Supreme Court, Richmond County, dated October 26, 1966, which granted the petition to the extent of ordering that the matter be referred back to the Authority for review and a hearing. Order reversed, on the law, without costs, proceeding dismissed on the merits and determination confirmed, without costs. No questions of fact were considered. Petitioner applied for a retail beer license for off-premises consumption for a store which made sales to customers solely in their automobiles, which were parked in the store's parking lot. By signs placed on the exterior of the store, customers were instructed to remain in their cars for service. In its notice of disapproval, the Authority stated: " In view of the fact that the sale and delivery of beer would be made directly to the purchaser in an automobile, and not on the premises, the Authority determines that approval of this application would not be conducive to proper regulation and control, and that public convenience and advantage would not be served thereby. The application is therefore disapproved." In our opinion, it may not be held that the Authority's determination was arbitrary or capricious (*Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465). Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ MURRAY KRIEGER, Respondent, v. CONCORD HOTEL et al., Appellants.— Appeal by defendants from an order of the Supreme Court, Queens County, dated October 6, 1966, which denied their motion to change the place of trial of this action from Queens County to Sullivan County on the ground of convenience of witnesses. Order reversed, with $10 costs and disbursements, and defendant's motion granted, with leave to plaintiff to renew the motion at Special Term (if he be so advised) on additional facts stating the names and addresses of his prospective witnesses and the substance of their testimony. This negligence action arose in Sullivan County. In support of their motion defendants gave the names and addresses of six witnesses and the substance of the proposed liability testimony of the five of them who are residents of Sullivan County (without stating that they were not employees of, or otherwise associated with, either of the defendants), one of these five witnesses being a commercial photographer who took pictures of the scene of the accident. As to the sixth witness, defendants stated that he was the initial examining or treating physician and that he had his office in Sullivan County. Plaintiff's opposing affidavit was deficient in that it did not state the names and addresses of his prospective witnesses as to liability or the substance of their proposed testimony (*Weinstein* v. *Kiamesha Concord*, 28 A D 2d 925; see, however, *Weinstein* v. *Kiamesha Concord*, 29 A D 2d 878.) Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ ERNESTO MORALES, as Administrator of the Estate of CARLOS MORALES, Deceased, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendant.— Order of the Supreme Court, Kings County, dated June 14, 1966, which granted plaintiff's motion to serve a complaint *nunc pro tunc*, reversed, on the law and the facts, with $10 costs and disbursements, and motion denied. The delay in serving the complaint of over 58 months is inordinately long. Plaintiff's excuse that his attorney misplaced the file is legally insufficient (*Gallagher* v. *City of New York*, 19 A D 2d 623; *Steuerman* v. *Feinman*, 19 A D 2d 847; *Francisco* v. *Walgreen Eastern Co.*, 25 A D 2d 681). Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.