MILDRED M. LINTON, as Administratrix of the Estate of JAMES K. LINTON, Deceased, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant. (Action No. 1.)

LEHIGH VALLEY RAILROAD COMPANY, Appellant, *v.* NORTH AMERICAN VAN LINES, INC., et al., Respondents. (Action No. 2.)

MILDRED M. LINTON, as Administratrix of the Estate of JAMES K. LINTON, Deceased, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant. (Action No. 3.)

Third Department, June 3, 1969.

*Gordon H. Mahley* and *Bond, Schoeneck & King* (*John M. Freyer* of counsel), for appellant.

*Raichle, Moore, Banning & Weiss* (*Arnold Weiss* and *Ralph L. Halpern* of counsel), for Mildred M. Linton, respondent.

HERLIHY, J.  The Lehigh Valley Railroad Company appeals from an order of Supreme Court at Special Term, entered in the Counties of Tioga and Erie on October 9, 1967, granting a joint trial in Erie County.

James K. Linton was operating a truck which collided with appellant's train on November 10, 1962 at a crossing in Tioga County.  Action No. 1 was commenced on or about August 28, 1963 to recover for the personal injuries of Linton.  The venue of that action was Erie County, but was later stipulated to be changed to Tioga in 1963.  In 1965 Action No. 2 was commenced by appellant with venue in Tioga County to recover for property damage to its train.  Action No. 3 was commenced in June of 1967 with venue in Erie County to recover for the wrongful death of Linton on May 31, 1966.  More than six years have passed since the date of the accident and more than 5½ years since the commencement of the first action.  It appears that no note of issue has yet been filed and that the parties to these actions are at this late date still indulging in preliminary legal skirmishes.

In July of 1967 the appellant moved pursuant to CPLR 602 (subd. [a]) for an order joining the three actions together for trial in Tioga County. It also moved for a protective order as to certain notices of deposition in Actions No. 2 and No. 3 on the ground that the notices therein " will put the said defendant [appellant] to unreasonable expense and annoyance and that the said defendant [appellant] will be prejudiced thereby ".

The respondent, Mildred M. Linton cross-moved for consolidation of Action No. 1 with Action No. 3 in Erie County or for consolidation and/or joint trial of the three actions in Erie County. She also sought an order directing the appellant to comply with her notice of deposition dated June 30, 1967 " [o]r alternatively, and in any event * * * [e]nforcing said [s]tipulation dated September 11, 1963 between the parties ".

I. With both appellant and respondent moving for joinder of the several actions, the only real problem for Special Term was in which county venue should be placed, there being no doubt that joinder was proper and necessary.

The original affidavit on behalf of appellant simply recited the fact that Action No. 1 was then pending in Tioga County as the reason for placing venue of all three actions in Tioga County. The original affirmation on behalf of Linton showed that no note of issue had been filed in Action No. 1 and that such a note could not be filed in Tioga County until all depositions are completed. The affirmation on behalf of Linton also alleged that her attorneys' investigation had disclosed no party or witness who resided in Tioga County; that the decedent, James K. Linton, at the time of the accident and death was a resident of Erie County; that Mrs. Linton was a resident of Erie County and was appointed committee and administratrix by Erie County courts; that calendar procedure in Erie County would permit an immediate filing of a note of issue so that the cases could be reached within about nine months thereafter as opposed to a longer time in Tioga County and makes mention of various witnesses, residents of Erie County. On a motion to consolidate or for a joint trial, the materiality of witnesses need not necessarily be outlined to the extent required on a motion for a change of venue, but the motion cannot be granted on that ground alone. The answering or supplemental affidavit on behalf of the appellant relied on the fact that Action No. 1 had been removed to Tioga County by stipulation and attempted to establish that Tioga County was most convenient for witnesses.

In the recent case of *Kiamesha Concord* v. *Greenman* (29 A D 2d 904) this court considered the problem of selecting the venue when actions commenced in different counties are consolidated or joined for trial. We noted that Special Term has wide discretion in selecting the venue and that all of the factors relevant to a motion for a change of venue pursuant to CPLR 510 may be considered in exercising the discretion. (See *Hobbs* v. *San Filippo*, 281 App. Div. 929; *Balz* v. *Kauffman & Minteer*, 285 App. Div. 1206; *Smith* v. *Witteman Co.*, 10 A D 2d 793; *Palmer* v. *Chrysler Leasing Corp.*, 24 A D 2d 820; *Kiamesha Concord* v.

*Greenman, supra.*) In *Kiamesha* the appellant was able to show that Special Term had abused its discretion. In the present case the record presents no "compelling circumstances" (cf. *Kiamesha Concord* v. *Greenman, supra,* p. 905) which would indicate that Special Term abused its discretion. The effect of the prior stipulation by Mrs. Linton that Tioga County was the place for trial in Action No. 1 could properly have been considered negated by Special Term since the request for a joint trial by appellant required Special Term to select venue *de novo.* (See *Smith* v. *Witteman Co., supra; Kiamesha Concord* v. *Greenman, supra.*) The selection of Erie County should be affirmed.

II. As to discovery and inspection, Special Term in its decision stated that "the pending discovery and inspection should be in accordance with the order of Mr. Justice BRINK entered March 15, 1966 in Tioga County and affirmed by the Appellate Division." The appellant appears to be contending in this court that the order appealed from is not in accord with the prior decision of this court referred to by Special Term (see 25 A D 2d 334) and that discovery should be limited in accord with our prior decision. Upon considering the decision of Special Term, it appears that if the order as entered exceeds that court's determination, orderly procedure would require proper proceedings before that Justice. In any event, the appellant has not shown in its brief that the order appealed from in any way exceeds or contravenes the prior decision of this court. (25 A D 2d 334.)

The accident from which this litigation stems happened on November 10, 1962. One action was commenced in 1963; another in 1965 and the death action in 1967. What would appear to be an intolerable delay may be attributed to all litigants and for which there may be some mitigating circumstances. However, the decision herewith updates any and all issues and eliminates necessity for further delay. The actions should be promptly brought to trial in Erie County.

The order should be affirmed, with costs.

GIBSON, P. J., REYNOLDS, STALEY, JR., and GREENBLOTT, JJ., concur.

Order affirmed, with costs.