■ TERESA M. ORTUNG, Appellant, v EDWARD ORTUNG, Respondent.— In a support proceeding, the respondent husband appeals from an order of the Family Court, Dutchess County, dated April 30, 1975 (and amended on November 6, 1975), which, after a hearing, directed him to pay (1) $50 per week as child support and (2) a counsel fee of $150. Order modified, on the facts, by increasing (1) the amount awarded for child support to $75 per week and (2) the counsel fee to $300. As so modified, order affirmed, without costs. The awards of child support and counsel fees were inadequate to the extent indicated herein. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ GLADYS PAOLO, Plaintiff, v SERENA EILAT, Defendant, and GERALD FRIEDMAN, Appellant. (Action No. 1) STEVEN EILAT et al. Infants, by Their Mother and Natural Guardian, Serena Eilat, et al., Respondents, v GERALD FRIEDMAN, Appellant. (Action No. 2)—In two negligence actions to recover damages for personal injuries, etc., Gerald Friedman, a defendant in each action, appeals from an order of the Supreme Court, Suffolk County, dated June 2, 1975, which denied his motion to consolidate the action pending in Kings County with the action pending in Suffolk County. Order reversed, in the exercise of discretion in the interest of justice, without costs, and motion granted. Under the circumstances, wherein these actions arise out of the same automobile accident, it was an improvident exercise of discretion to deny consolidation (see *Edwards v Lewin,* 284 App Div 28; *Liotta v Pollack,* 21 AD2d 934). Our reversal is without prejudice to a motion by the plaintiffs in Action No. 2 to change venue to Nassau County, where the accident occurred, or to any other county, pursuant to CPLR 510 (subd 3), upon a showing that the convenience of material witnesses will be promoted by the change (cf. *Krieger v Concord Hotel,* 29 AD2d 875). Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.