■ DAIRY BARN STORES, INC., Appellant, v STATE LIQUOR AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent denying petitioner's application for an off-premises beer license and to compel respondent to issue the said license, the petitioner appeals (1) from a judgment of the Supreme Court, Nassau County, dated August 22, 1977, which dismissed the petition and (2) as limited by its brief, from so much of an order of the same court, dated September 15, 1977, as, upon granting its motion to renew, adhered to the original determination. Appeal from the judgment dismissed. The judgment was superseded by the order made upon renewal. Order affirmed insofar as appealed from. Respondent is awarded one bill of costs to cover both appeals. The petitioner operates a chain of "drive-through" grocery stores. These stores are designed so that the patron may drive into a carport and be served without leaving his vehicle. The petitioner made an application

for a license to sell beer at retail for off-premises consumption at its Massapequa store. The application was denied essentially because a drive-through operation wherein beer would be sold through a window to customers who remained in their vehicles would seriously interfere with the proper supervision of the sale of alcoholic beverages and because such an operation does not come within the purview of the statutory language authorizing the retail sale of beer "in the premises" for off-premises consumption (cf. Alcoholic Beverage Control Law, § 54, subd 5). The petitioner commenced the instant CPLR article 78 proceeding to review the respondent's determination denying its license application. The petitioner argues, *inter alia,* that the respondent has relied upon a rule which generally prohibits the retail sale of beer at a drive-through window. It is urged that this rule was not properly promulgated and is therefore unenforceable. We do not believe that any such rule was promulgated. Although the respondent has enunciated a policy against granting retail beer licenses to drive-in type establishments, this is merely a statement of policy which has no intrinsic legal effect. The statement objected to does little more than give an official interpretation of what is intended by the term "premises" for purposes of retail sale for off-premises consumption. It neither results in the possible imposition of a sanction nor detracts from a statutory or constitutional right. Rather than a rule which creates a binding norm which is itself dispositive, the instant pronouncement simply expresses "the course which the agency intends to follow in future adjudications" (see *Pacific Gas & Elec. Co. v Federal Power Comm.,* 506 F2d 33, 38). As a statement of general policy which in itself has no legal effect, the respondent's interpretation of the term "premises" is exempt from the formal requirements of rule promulgation (see State Administrative Procedure Act, § 102, subd 2, par [b], cl [iv]). However, since the statement is not a rule which has the force of law, it is necessary that the administrative determination be supported by a rational basis other than the mere statement of policy. It was not arbitrary and capricious to deny the application for a retail beer license for off-premises consumption in the instant situation where the sale and delivery of beer would be made directly to the purchaser in an automobile and not on the premises (see *Matter of 1761 Forest Ave. Corp. v State Liq. Auth.,* 29 AD2d 875). When the patron remains seated in a vehicle rather than physically entering the premises, it is impossible to properly supervise and control the distribution of alcoholic beverages. Therefore, the disapproval of the petitioner's application for an off-premises beer license was rational and should be confirmed. We have considered the other arguments raised on appeal and find them to be without merit. Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.