■ DAIRY BARN STORES, INC., Respondent, v STATE LIQUOR AUTHORITY, Appellant.—In a proceeding to determine that a certain restriction proposed by petitioner in regard to its application for an off-premises beer license is in conformity with the policy of the State Liquor Authority, the authority appeals from a judgment of the Supreme Court, Suffolk County, entered April 19, 1978, which granted the petition, determined that petitioner was entitled to apply to the authority for a license subject to its proposed restriction and directed the authority to accept petitioner's application, as so restricted, "for processing without refusal by reason of the * * * clause." Judgment modified, on the law, by deleting the last decretal paragraph thereof and adding to the first decretal paragraph thereof, immediately after the word "granted", the following: "to the extent that the matter is remanded to the State Liquor Authority to make the requested declaration, complete with the reasons for its determination." As so modified, judgment

affirmed, without costs or disbursements. The petitioner was previously denied a license for the retail sale of beer for off-premises consumption. We have affirmed that determination on the general ground that it is not arbitrary and capricious to disapprove such an application where the patrons will remain seated in their automobiles and purchase alcoholic beverages through a drive-in window (Dairy Barn Stores v State Liq. Auth., 67 AD2d 691). The authority has enunciated a general statement of policy which interprets the statutory language of sale "in the premises" (Alcoholic Beverage Control Law, § 54, subd 5), so as to effectively preclude the sale of beer at a drive-in window. The petitioner now seeks a declaratory ruling as to whether a self-imposed limitation that "No customers will be served unless they step out of their automobiles and are of legal age and sober at the time of the purchase" will satisfy the authority's objections to sales at drive-in windows. The authority denied the request for a ruling. Upon the instant proceeding, Special Term determined that it was arbitrary and capricious for the authority to have refused to make the requested ruling. The court further determined that the proposed limitation would satisfy the reasonable requirements of the Alcoholic Beverage Control Law and any objections which may be properly raised by the authority. We entirely agree with Special Term that it was arbitrary and capricious to refuse to make the requested declaratory ruling. In light of the prior disapproval of its application, the petitioner was entitled to a ruling as to what steps may be taken to overcome the authority's objections to the retail sale of beer at a drive-in window. However, the court was without authority to make the administrative declaration in the agency's stead. Section 204 of the State Administrative Procedure Act authorizes judicial review of a declaratory ruling by way of a proceeding pursuant to CPLR article 78. Although this includes review of the refusal to make an administrative ruling, it does not allow the court to go further and make a declaratory judgment (see State Administrative Procedure Act, §§ 204, 205). To do so would usurp the agency's function of interpreting and enforcing its governing statutes. Only the State Liquor Authority has the requisite expertise to fully evaluate the instant issue in the first instance. Since the declaratory ruling is binding upon the agency, it would be improper to allow the courts to make rules for the agency. The proper course is to remand the matter to the agency so that the appropriate declaration can be made upon a full review of the relevant factors. Hopkins, J. P., Suozzi, Rabin and Shapiro, JJ., concur.