■ ALEXANDRA BARANOVSKY et al., Respondents, v CARLOS SANCHEZ, Defendant, and VICTOR LUBCZENKO, as Administrator of the Estate of GRIGORI LUBCZENKO, Also Known as GEORGE LUBCZENKO, Deceased, Appellant. (Action No. 1.) (And a Second Action.) — Appeal by Victor Lubczenko, a defendant in Action No. 1, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated November 19, 1980, as, upon granting his motion to "rehear" a previously denied motion to consolidate, adhered to the original determination denying consolidation. Order reversed insofar as appealed from, with $50 costs and disbursements, original determination vacated and motion to consolidate granted. Under the facts herein, where both actions arose out of the same automobile accident, it was error to deny consolidation (see *Paolo v Eilat,* 51 AD2d 585). Titone, J.P., Gulotta, Cohalan and O'Connor, JJ., concur.

■ GERALD BIERKER et al., Appellants, v TOWN OF CLARKSTOWN et al., Respondents. — In an action to declare an amendment to the zoning ordinance of the Town of Clarkstown invalid and void as it applies to certain property owned by defendant Beverly Degenshein, and for injunctive relief, plaintiffs appeal from a judgment of the Supreme Court, Rockland County, entered March 25, 1980, which, after a nonjury trial, dismissed the plaintiffs' complaint and granted judgment in favor of the defendants. Judgment modified, on the law, by deleting the provisions which dismissed the complaint outright and substituting therefor provisions (1) declaring that the amendment to the zoning ordinance by the respondent town board was not invalid or void (see *Rodgers v Village of Tarrytown,* 302 NY 115; *Goodrich v Town of Southampton,* 39 NY2d 1008) and (2) otherwise dismissing the complaint. As so modified, judgment affirmed, with one bill of costs payable jointly to respondents appearing separately and filing separate briefs. In a declaratory judgment action, the court should not dismiss merely because the plaintiffs are not entitled to the declaration sought by them. A declaration should have been made (see *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74). Titone, J.P., Gibbons, O'Connor and Thompson, JJ., concur.