## (March 16, 1982)

■ In the Matter of the TOWN OF OYSTER BAY, Petitioner, v PUBLIC EMPLOYMENT RELATIONS BOARD OF THE STATE OF NEW YORK, Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Intervenor. — On the court's own motion, its decision and order both dated March 8, 1982 [87 AD2d 595], are recalled and vacated and the following decision is substituted: Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Public Employment Relations Board, dated December 29, 1980, which, *inter alia,* held that petitioner had violated section 209-a (subd 1, par [d]) of the Civil Service Law. The board has cross-claimed for enforcement of its determination. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements; the cross claim is granted. No opinion. Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.

## (March 22, 1982)

■ JOHN B. AMROD et al., Appellants, v MAYOR OF THE INCORPORATED VILLAGE OF HEMPSTEAD et al., Respondents. — In an action, *inter alia,* to declare the zoning ordinance of the Incorporated Village of Hempstead unconstitutional as it applies to plaintiffs' real property, plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated May 4, 1981, which, after a nonjury trial, granted judgment in favor of defendants and dismissed the plaintiffs' complaint. Judgment modified, on the law, by deleting the provision which dismissed the complaint and substituting a provision declaring that the zoning ordinance of the Incorporated Village of Hempstead is not unconstitutional or confiscatory as applied to plaintiffs' property, and otherwise dismissing the complaint. As so modified, judgment affirmed, without costs or disbursements. Plaintiffs did not sustain their burden of establishing that the zoning ordinance in question was confiscatory and therefore unconstitutional as applied to their property (see *Curtiss-Wright Corp. v Town of East Hampton,* 82 AD2d 551). The trial court should have made an appropriate declaration of constitutionality (see *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74; *Bierker v Town of Clarkstown,* 81 AD2d 601). Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.

■ SYLVIA M. GEOGHEGAN, Respondent, v WILLIAM T. GEOGHEGAN, Appellant. — Judgment of the Supreme Court, Suffolk County (Gowan, J.), dated August 11, 1981, affirmed insofar as appealed from. No opinion. Appeal from an order of the same court, dated March 13, 1981, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Plaintiff is awarded one bill of costs. Weinstein, J. P., Thompson, Bracken and Brown, JJ., concur.