OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to respondent, to the extent of directing judgment in favor of defendant declaring that section 53-30 of the Town Code of the Town of DeWitt is constitutional insofar as it regulates commercial speech.
*673 In this action seeking a declaration that the “sign ordinance” of the Town of DeWitt is unconstitutional, the Appellate Division affirmed Supreme Court’s dismissal of the complaint on the motion of defendant town for summary judgment. Inasmuch as plaintiffs tendered no evidentiary proof in admissible form[1] there is no evidence before us as to the practical application of the ordinance or its prospective impact in the Town of DeWitt, and no showing of facts sufficient to require an evidentiary hearing as to issues of fact. Accordingly, on the record before us the sign ordinance can be considered only in the abstract without consideration of any impact on plaintiffs. From that very narrow perspective we perceive no error made by the courts below in upholding the constitutionality and validity of the ordinance against the challenges mounted by plaintiffs. We address only the principal contentions advanced by plaintiffs in our court.
At the threshold we observe that because plaintiffs, an extensive assemblage of business and commercial enterprises in the town, have shown no direct interest in noncommercial speech and no commercial interest in others who themselves have such an interest, they lack standing to raise any constitutional First Amendment argument of ov'erbreadth to challenge the ordinance to the extent that it regulates, or may be said to regulate, noncommercial speech.
With reference to the application of the ordinance to commercial speech, we cannot conclude that the near total proscription of freestanding signs or the regulation of on-building facade signs as to size and height does not constitute, on the face of the ordinance, a permissible constraint only as to location and manner (Suffolk Outdoor Adv. Co. v Hulse, 43 NY2d 483; Modjeska Sign Studios v Berle, 43 NY2d 468). Nor is there any proof in the record that the *674 four-year, nine-month period between the adoption of the ordinance and its effective date created an impermissibly short amortization period.[2]
Inasmuch as this is a declaratory judgment action, the proper disposition on the granting of defendant’s motion for summary judgment should have been a declaration that the sign ordinance is constitutional rather than a dismissal of the complaint (Lanza v Wagner, 11 NY2d 317, 334).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, with costs to respondent, in accordance with the memorandum herein and, as so modified, affirmed.

. The only exception, immaterial for present purposes, was the affidavit of the former town director of police with respect to conditions of vehicular and pedestrian traffic in the town and his opinion as to the impact of the sign ordinance thereon.
Contrast, for instance, the extensive discovery leading to the comprehensive stipulation of facts on which the courts’ rulings were based in Metromedia, Inc. v City of San Diego (453 US 490), and the basis of which plaintiffs sought and obtained leave to appeal in this case.

. We note the provision in the order of Supreme Court, affirmed at the Appellate Division and left standing by us, “that all rights are reserved to the individual plaintiffs to apply for appropriate administrative relief from the defendant upon a proper demonstration of need for such relief.”