■ SOMERSET RAILROAD CORPORATION, Appellant, v DALE G. GRAHAM et al., Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff commenced an action for a declaratory judgment by service of a summons with notice (CPLR 305, subd [b]). Simultaneously, an order to show cause seeking a preliminary injunction was served. The subject of the action was a declaration of plaintiff's right to enter on defendants' lands for the purpose of examining and surveying "for the selection of the most advantageous route for its rail line" pursuant to section 8 of the Railroad Law and EDPL 404. At the time, there were pending applications before the Interstate Commerce Commission (ICC) and the New York State Department of Transportation (DOT) seeking from each a certificate of public convenience and necessity required by law. Special Term denied the motion for a preliminary injunction, and also dismissed the action for failure to serve a complaint. This was error. There is no authority in law for the dismissal of an action on a motion for a preliminary injunction for failure to serve a complaint. CPLR 6311 (subd 1) provides: "A preliminary injunction may be granted only upon notice to the defendant. Notice of the motion may be served with the *summons* or at any time thereafter and prior to judgment" (emphasis supplied). CPLR 305 (subd [b]) allows an action to be commenced, at plaintiff's option, by service of a summons and notice only. This provision does not carve out an exception for an action for declaratory judgment. In an action commenced by summons with notice, the defendant may demand a complaint if he chooses to do so (CPLR 3012, subd [b]). On an application for a preliminary injunction a complaint is not necessary since the requisite facts, including those which show a cause of action, can be proved by affidavit (Siegel, New York Practice, § 329, p 401). Besides being procedurally improper, dismissal of the action was not in the interest of judicial economy since plaintiff would be entitled to recommence the action in any event (CPLR 205, subd [a]). We further note that in an action for declaratory judgment, the court should declare the parties' rights, not dismiss the action (*Syracuse Sav. Bank v Town of DeWitt*, 56 NY2d 671; *Lanza v Wagner*, 11 NY2d 317; *Bierker v Town of Clarkstown*, 81 AD2d 601). We affirm that portion of the order denying the preliminary injunction. The criteria for granting a preliminary injunction are the likelihood of success on the merits, irreparable injury, and a balancing of equities in the movant's favor (*Tucker v Toia*, 54 AD2d 322, 324). Special Term concluded that plaintiff had not demonstrated a likelihood of success on the merits because it had not yet received ICC and DOT approval. During the pendency of this appeal, however, plaintiff received certificates of public convenience and necessity from both the ICC and DOT. The order below is reversed and the action reinstated without prejudice to plaintiff to seek whatever relief it deems advisable in light of the changed circumstances. (Appeal from order of Supreme Court, Niagara County, Hannigan, J. — preliminary injunction.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.