■ WILLIAMSBURG STEEL PRODUCTS CO., INC., Respondent, v SHEVLIN-MANNING, INC., Appellant. — In an action to recover moneys due on a contract, defendant appeals from an order of the Supreme Court, Kings County (Adler, J.), entered December 2, 1981, which denied its motion to change venue from Kings County to Erie County, based on the convenience of witnesses and the ends of justice (see CPLR 510, subd 3). Order reversed, as a matter of discretion, with $50 costs and disbursements, and defendant's motion is granted. An affidavit in support of a motion pursuant to CPLR 510 (subd 3) must contain, *inter alia,* the names, addresses and occupations of the prospective witnesses, the substance of their testimony and its materiality to the action (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:3, p 74). An opposing affidavit must contain similar information as to the witnesses whose convenience will be served by sustaining venue in the county where the action was initiated (2 Weinstein-Korn-Miller, NY Civ Prac, par 510.14). In support of its motion, defendant specified 10 witnesses, all residents of Erie County, giving their names, addresses and occupations, as well as the substance and materiality of their testimony. Plaintiff's opposing affidavit was deficient in that it did not state the names and addresses of its prospective witnesses nor the substance of their testimony (see *Krieger v Concord Hotel,* 29 AD2d 875; *Francis v Jenks,* 28 AD2d 1007). Accordingly, Special Term abused its discretion in denying the motion for a change of venue. Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.

■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JOSE QUEZADA, Appellant. — In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Queens County (Lerner, J.), dated June 4, 1982, which granted a stay pending determination of the issue of coverage following a hearing. Appeal dismissed, *sua sponte,* without costs or disbursements. (See *Matter of Nassau Ins. Co. [Clemente],* 86 AD2d 611; *Matter of Royal Globe Ins. Co. v Nanas,* 90 AD2d 518.) Lazer, J. P., Gibbons, Thompson and Bracken, JJ., concur.