(May 25, 1989)

■ In the Matter of HART ISLAND COMMITTEE, Respondent-Appellant, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Appellants-Respondents.—Order of the Supreme Court, New York County (Edward H. Lehner, J.), entered on November 19, 1987, which denied plaintiff's application for a preliminary injunction to enjoin construction of a correctional facility on Hart Island but granted the application insofar as

it enjoined the transfer of any prisoners to the facility, is unanimously modified on the law to the extent of vacating the direction that defendants refrain from transferring any prisoners to the facility, and otherwise affirmed, without costs or disbursements.

Plaintiff Hart Island Committee appeals from an order of the Supreme Court which largely denied its application for a preliminary injunction enjoining defendants from constructing an expanded correctional facility on Hart Island until the completion of certain land use and environmental impact reviews. In that regard, there is considerable, even compelling, merit to plaintiff's contention that defendants improperly failed to comply with the State Environmental Quality Review Act (SEQRA) and New York City's Uniform Land Use Review Procedures (ULURP). However, an examination of the record herein reveals that the application for a preliminary injunction is jurisdictionally defective and that, therefore, the order being appealed must be modified to the extent of denying in full any injunctive relief.

In its statement pursuant to CPLR 5531, plaintiff states that "[t]his action was commenced by the service of a summons with notice on or about July 13, 1987, pursuant to an order to show cause signed * * * on July 13, 1987. Issue was joined by an affirmation in opposition to plaintiff's application for a preliminary injunction on or about August 13, 1987." Hart Island also claims that "[t]his is an action for a permanent injunction". No complaint has ever been served in connection with the instant matter. While an action is commenced and jurisdiction acquired by service of a summons (CPLR 304), and the complaint need not be served at the same time as the summons (CPLR 305), when "the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought" (CPLR 305 [b]). The Supreme Court determined that the failure to serve a complaint herein was "of no consequence", reasoning that "if injunctive relief were to lie, it would not be based on the nature of the action (i.e., an action seeking a permanent injunction under the alternative ground set forth in CPLR 6301), but rather on the assertion that defendants were performing acts in violation of plaintiff's rights." The court thereafter cited two appellate cases for the principle that the lack of a complaint does not bar issuance of a preliminary injunction (*Somerset R. R. Corp. v Graham*, 89 AD2d 819; *Fairfield Presidential Assocs. v Pollins*, 85 AD2d 653).

· Although the CPLR does not appear to preclude the granting of a preliminary injunction where there is no complaint, the fact is that plaintiff's summons is insufficient to confer jurisdiction. As heretofore noted, CPLR 305 (b) requires that when the complaint is not served with the summons, the summons must indicate or have affixed a notice specifying (1) the nature of the action *and* (2) the relief requested. Plaintiff's summons, however, merely asserts that "[t]he relief sought is a preliminary injunction prohibiting the construction of prison facilities on Hart Island and prohibiting the continued inhabitation of Hart Island." Thus, all that the summons contains is a statement that plaintiff wishes to obtain a preliminary injunction. There is absolutely no mention of the nature of the action (that is, whether this a declaratory judgment action or a CPLR article 78 proceeding or something else) or even that plaintiff intends ultimately to seek a permanent injunction. Plaintiff has, thus, ignored the statutory mandate that a summons served in the absence of a complaint must, in order to provide adequate notice to defendant(s), be more detailed than one which is accompanied by a complaint. Plaintiff's summons simply recites a request for an interim remedy and nothing else; it certainly makes no reference to any underlying action or permanent relief.

According to the Court of Appeals in *Parker v Mack* (61 NY2d 114, 115), "[n]o action is commenced by the service of a summons alone which neither contains nor has attached to it a notice of the nature of the action and of the relief sought". The court proceeded to explain therein that the language of CPLR 305 (b) "is imperative, and the statutory dictates are clear—what is required for the commencement of an action is the proper service of a summons, and the summons, when unaccompanied by a complaint, must itself or by an attachment furnish to the defendant what has been described by the Judicial Conference (in its Annual Report recommending insertion of the prescriptive word 'shall' in CPLR 305, subd [b]) as 'at least basic information concerning the nature of plaintiff's claim and the relief sought' " *(Parker v Mack, supra,* at 117). Consequently, the "complete absence of the notice requirements contained in CPLR 305 (subd [b]) is a jurisdictional defect which renders the summons insufficient not only for the purposes of taking a default judgment, but also to obtain jurisdiction over the defendant and commence the action" *(Frerk v Mercy Hosp.,* 99 AD2d 504, *affd* 63 NY2d 635; *see also, Farkas v Tarrytown Lbr.,* 133 AD2d 251; *Viscosi v Merritt,* 125 AD2d 814; *Rowell v Gould, Inc.,* 124 AD2d 995).

The law is well established that "[u]nless there is an underlying action which confers statutory authority on the court to grant a preliminary injunction, the court has no jurisdiction to award such relief" *(Matter of Caruso v Ward,* 146 AD2d 486, 487 [1st Dept]; *see also, Granelli v Granelli,* 134 AD2d 930; *Town of W. Seneca v Smith,* 115 AD2d 1013; *Evans v Evans,* 273 App Div 895). Since Hart Island has never properly brought an underlying action, and the valid commencement of an action is a condition precedent to the court's acquiring the jurisdiction even to entertain an application for a preliminary injunction, plaintiff is not entitled to injunctive or any other relief. In *Sibley v Lake Anne Realty Corp.* (136 AD2d 619), the Second Department, in a similar situation, held that plaintiffs therein had failed to obtain personal jurisdiction over defendants where they served a summons and order to show cause and accompanying papers which sought a preliminary injunction, but they had neglected to comply with CPLR 305 (b) by providing notice of the nature of the underlying action.

While defendants did argue before the Supreme Court that plaintiff was obliged to submit a complaint in support of the application for a preliminary injunction, on appeal they do no more than refer in their brief to the court's disposition of that issue. In view of the Court of Appeals clear pronouncement in *Parker v Mack (supra)* that no action is commenced in the absence of strict compliance with CPLR 305 (b) and the fact that a preliminary injunction cannot be issued without an underlying action, the court may not consider an application for injunctive relief under circumstances such as those herein, and the defect is not waivable. Since the Supreme Court did not possess the authority to entertain plaintiff's application, the direction enjoining the transfer of prisoners to the contemplated Hart Island facility must be vacated. Our holding is without prejudice to the commencement of a valid action and the request for appropriate preliminary relief. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Wallach, JJ. *[See,* 137 Misc 2d 521.]