OSCAR FRALEY et al., Appellants, v. DESILU PRODUCTIONS, INC., Respondent.

First Department, April 13, 1965.

80

*Francis Finkelhor* of counsel (*Harold B. Berke* and *Martin Finkelhor* with him on the brief; *Berke & Finkelhor*, attorneys), for appellants.

*David Z. Rosensweig* of counsel (*Jack J. Katz* with him on the brief; *Katz, Moselle & Schier*, attorneys), for respondent.

*Per Curiam.* Plaintiffs procured the service in California of a summons and notice upon the defendant, a California corporation. The notice (CPLR 305, subd. [b]) stated that upon defendant's default in appearing or answering the summons " judgment will be taken against you for the sum of $250,000.00 with interest ". Together with the summons, there was also served an affirmation by an attorney for plaintiffs affirming that defendant is a nondomiciliary and " now is and has been continuously transacting business in this State [New York] with Desilu Sales Corp., at 35 West 55th Street, New York, New York, and other New York business concerns " by reason of which defendant was being served under CPLR 313 as provided in CPLR 302 (subd. [a]).*

Defendant, without benefit of a complaint, moved to dismiss the action pursuant to CPLR 3211 (subd. [a], par. 8) on the ground that the court did not have jurisdiction of the person of the defendant. In support of its motion, defendant averred that the only relationship between the plaintiffs and the defendant is a 1959 written agreement in which plaintiffs granted to defendant rights in a literary work entitled, " The Untouchables ". Defendant's attorney, in addition, states that in a

* The service of such an affirmation has no statutory basis, and could serve no visibly useful purpose.

telephone conversation with plaintiffs' attorney, the latter indicated that plaintiffs were seeking an accounting under that agreement.

There is a further affidavit setting forth the chronology of the negotiations that resulted in the execution of the 1959 agreement, in an effort to demonstrate that the agreement was not entered into in this jurisdiction. It is also stated that Desilu Sales, Inc.—mentioned in the affirmation served with the summons and notice—is an entirely separate corporation that acquired by contract—negotiated and executed in California—rights to distribute motion pictures produced by the defendant. In conclusion, defendant avers that it is not doing business in this State directly or through an agent.

Plaintiffs, in answer to defendant's motion, submitted affidavits in which they claimed that the contract was executed by them in New York and that the defendant is doing business in New York through Desilu Sales, Inc. Plaintiffs' papers are, however, silent as to the nature of plaintiffs' cause of action except to state that the contract " is the subject matter of this action ". Plaintiffs did not submit any proposed complaint with their answering papers.

Special Term granted the motion to dismiss, holding that the subject contract and supplemental agreement were not negotiated in New York or finally executed here, and that any business which plaintiffs claimed defendant was transacting in New York through its alleged agent was not the business out of which plaintiffs' action arises.

We are unable to determine the nature of plaintiffs' action and cannot decide whether the plaintiffs have a valid basis for jurisdiction under CPLR 302 (subd. [a]). The judgment entered herein should be reversed and the motion of defendant to dismiss for lack of jurisdiction should be denied, without prejudice, as more fully indicated hereinafter.

In sum, it is our opinion that the action was not procedurally ripe for the determination sought by the defendant and made by Special Term.

CPLR 302 (subd. [a], par. 1) gives our courts power to exercise personal jurisdiction over any nondomiciliary as to " a cause of action " arising from the transaction of any business within the State. Similarly, CPLR 3211 (subd. [a]) dealing with motions to dismiss is couched in language of dismissal of " one or more causes of action," asserted against a party.

The papers in the instant case do not indicate with any degree of precision just what is the nature of plaintiffs' cause of action. No complaint has been served. Nor are there any averments in

the affidavits submitted on behalf of plaintiffs as to the nature of the plaintiffs' cause or causes of action and that such cause or causes of action arose from the transaction of any business by defendant within this State. In *Lebensfeld* v. *Tuch* (43 Misc 2d 919, 921) the court alluded to the fact that under the Illinois statute (Smith-Hurd, Ill. Stats., ch. 110, § 17, p. 170), upon which CPLR 302 is modeled, a plaintiff who seeks to invoke the jurisdiction of a court on the basis of such a section should allege requisite jurisdictional facts in his complaint. The court there also added that where only a summons has been served, plaintiff would be expected to "show a cause of action conferring jurisdiction in his papers in opposition to a motion to set aside service".

In *Renwal Prods.* v. *Kleen-Stik Prods.* (43 Misc 2d 645, 647) the court said: "Without a complaint it is, of course, impossible to answer or to know whether plaintiff has a valid basis of jurisdiction under the 'long arm' statute (CPLR 302)."

CPLR 3012 (subd. [b]) provides that if a complaint is not served with the summons, the defendant may serve a written demand for the complaint, and that such a demand does not of itself constitute an appearance in the action. In addition, if the complaint is not served within 20 days after demand the action may be dismissed on motion by the defendant and such a motion does not constitute an appearance in the action.

In the First Report of the Advisory Committee on Practice and Procedure, it was proposed (pp. 60–61) that "except in an action for a separation, annulment, dissolution or divorce, the complaint shall be served with the summons". That proposal was not adopted. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3012.02.) The reasons for rejection of that proposal — discussed in Weinstein-Korn-Miller — do not apply where service of process is made on a nondomiciliary outside the State. It is not necessary for this court to go so far as to hold that where jurisdiction is sought under CPLR 302 a complaint must be served with the summons. It is for the Legislature to decide whether that condition should be imposed.

However, any proper determination of a motion under CPLR 3211 (subd. [a], par. 8) based on a claim of lack of jurisdiction attempted to be exercised under CPLR 302, must depend upon the nature of the cause or causes of action relied on by a plaintiff.

The absence of a complaint in the instant case may account for the less than illuminating affidavits by both parties as to activities of defendant in this State and as to the transaction of business by defendant in this State from which any claimed cause of action arose. In *Agrashell, Inc.* v. *Sirotta Co.* (229 F.

Supp. 98, 104 [1964]) the court said that where jurisdiction was challenged, it was the obligation of the plaintiff to prove the essential facts in order to establish the court's jurisdiction. The allegations in a complaint may prima facie show facts which support jurisdiction under CPLR 302 and then make it incumbent on a defendant to come forward with proof that it is not subject to jurisdiction.

In the instant case, the defendant must share responsibility with plaintiffs for the failure to present to the court the basis of plaintiffs' action, because, as indicated, before challenging jurisdiction, defendant could have demanded a complaint pursuant to CPLR 3012 (subd. [b]), and after such complaint had been served, could have moved to dismiss under CPLR 3211 (subd. [a], par. 8).

Under the circumstances, the disposition of this appeal should follow the course pursued by FROESSEL, J., in *Lisle* v. *Palmer* (29 N. Y. S. 2d 975) in a similar situation. Accordingly, the judgment should be reversed on the law and the facts, without costs or disbursements, and the motion to dismiss denied without prejudice to a renewal thereof upon the service of a complaint pursuant to a demand made under CPLR 3012 (subd. [b]). If so advised, defendant may, after service of a complaint, raise the jurisdictional objection in a responsive pleading (see CPLR 3211, subds. [d], [e]), to be followed by a motion for summary judgment. Time to serve a demand for a complaint is extended to 10 days after service of a copy of the order to be entered hereon, with notice of entry.

BOTEIN, P. J., VALENTE, MCNALLY, EAGER and STEUER, JJ., concur.

Order and judgment unanimously reversed, on the law and on the facts, without costs or disbursements, and the motion to dismiss denied without prejudice to a renewal thereof upon the service of a complaint pursuant to a demand made under CPLR 3012 (subd. [b]). If so advised, defendant may, after service of a complaint, raise the jurisdictional objection in a responsive pleading (see CPLR 3211, subds. [d], [e]), to be followed by a motion for summary judgment. Defendant's time to serve a demand for a complaint is extended to 10 days after service of a copy of the order to be entered hereon, with notice of entry.