OPINION OF THE COURT
John T. Casey, J.
• The above-entitled action was commenced by the service of a bare summons containing a notice that the object of the action was "wrongful death, conscious pain and suffering and loss of services” and "the relief sought was monetary damages in the amount of $10,000,000.”
The notice in the summons does not comply with the 1978 amendment of CPLR 305 (subd [b]) requiring such notice to state the nature of the action and the relief demanded; and if a default occurred and judgment was entered thereon, that judgment would be jurisdictionally defective and subject to vacatur. (McDermott v Hoenig, 32 AD2d 838.)
In this case, however, no default occurred. Upon receipt of the summons, the defendant filed a notice of appearance and demand for a complaint and when the complaint was served it contained causes of action in negligence, strict tort liability *1096 and breach of warranty and the defendant prior to the expiration of its time to answer moved herein under CPLR 3211 (subd [a], par 8) contending that the failure of the summons to comply with the notice provisions of CPLR 305 (subd [b], as amd) required a "jurisdictional dismissal” of the action.
In all other respects the summons is adequate so it cannot be said that the summons herein is no summons at all. It is defective only in its failure to comply with the notice requirements of the statute (CPLR 305, subd [b], as amended) and, therefore, would not support a default judgment, if one occurred, for it never triggers the statutory time on which a default could be based. Where, as here, no default is involved it properly commenced this action and the defendant’s motion to dismiss is denied.