OPINION OF THE COURT
Rudolph U. Johnson, J.
Defendants, Philip Garland, Jr. and Arlene Garland, by notice of motion, seek an order pursuant to CPLR 3211 (subd [a] , par 5) dismissing the cause of action of the plaintiffs, Richard Limpert and Jean Limpert.
This cause of action, arising out of a fall down accident, accrued on December 29, 1975. In accord with CPLR 203 (subd [b] , par 5), a copy of plaintiffs’ summonses was delivered to the Sheriff of Erie County on December 29, 1978 and substituted service was thereafter made on January 12, 1979.
Defendants maintain that this service was jurisdictionally defective as plaintiffs’ summonses did not contain the requisite notice setting forth the nature of the action and the relief as required under CPLR 305 (subd [b]), amended effective *526 January 1, 1979. As a result, defendants contend that the applicable Statute of Limitations has run and the plaintiffs are now time barred from pursuing their claim.
Plaintiffs argue that despite the consequences of the amendment to CPLR 305 (subd [b]) it should be afforded, pursuant to CPLR 205 (subd [a]), a new opportunity to effect service as adequate notice was otherwise afforded defendants.
This court finds that plaintiffs’ failure to comply with CPLR 305 (subd [b]) is a jurisdictional defect requiring dismissal of plaintiffs’ summonses and complaints (as later demanded by and forwarded to defense counsel). In this respect, defendants’ motion is granted.
However, the service of the bare summonses, initiated pursuant to CPLR 203 (subd [b], par 5) and prior to the effective date of the amendment, as well as other notices earlier afforded defendants is sufficient to earn for plaintiffs the relief granted by CPLR 205 (subd [a]). (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3012:1.)
Accordingly, the plaintiffs are granted a period of six months from the entry of this court’s order herein within which they may effect proper service on defendants or be thereafter time barred.