JOHN BAL, Respondent, v COURT EMPLOYMENT PROJECT, INC., Appellant.

First Department, February 19, 1980

APPEARANCES OF COUNSEL

*Francis J. Crosby* of counsel *(James P. Blake* with him on the briefs; *Cahill Gordon & Reindel,* attorneys), for appellant.

*John Bal,* respondent *pro se.*

## OPINION OF THE COURT

FEIN, J.

This *pro se* action was commenced by service of a bare summons on January 4, 1979, three days before expiration of the Statute of Limitations. Defendant accepted the summons and served a notice of appearance and demand for a complaint, which was three months in coming. Defendant appeals the denial of its motion to dismiss for failure to serve a timely complaint.

CPLR 305 (subd [b]) now requires that a summons either be accompanied by a complaint or contain an endorsement on the summons as to the nature of the action and the relief sought, as well as the sum of money for which judgment may be taken in case of default (L 1978, ch 528, § 1, eff Jan. 1, 1979). At the same time, CPLR 3012 (subd [b]) was amended to provide that a defendant served with an appropriate 305 (subd [b]) summons without complaint need not even formally demand a complaint; his mere notice of appearance now warrants service of a complaint within 20 days (L 1978, ch 528, § 4). Service of a complaint, either with the summons, at the earliest, or within 20 days of the defendant's appearance or demand, at the latest, was thus made mandatory. However, the penalty of dismissal for failure to serve a complaint remains within the discretion of the court, which "upon motion may dismiss the action if service of the complaint is not made as provided in this subdivision." (CPLR 3012, subd [b].)

One stimulus for this "mandatory notice" amendment was to clarify the procedure on default practice (see Twenty-third Ann Report of NY Judicial Conference, 1978, pp 273-279). It had been held, prior to the amendment, that where an action was commenced without a complaint and the summons failed to include proper notice as to the nature of the action and extent of damages sought, the defect was "jurisdictional" so as to preclude the plaintiff from thereupon obtaining a default judgment under CPLR 3215 (*Eckert Co. v Fuller Co.,* 51 AD2d 844; *Arden v Loew's Hotels,* 40 AD2d 894; *McDermott v Hoenig,* 32 AD2d 838).

It has been stated that the complete absence of any notice on the summons is jurisdictional and permits a defendant to treat the summons as a nullity (1 Weinstein-Korn-Miller, NY Civ Prac, pars 305.12, 305.12a; Siegel, New York Practice, § 111; Judicial Conference Report on the CPLR to the 1978

Legislature; *Limpert v Garland,* 100 Misc 2d 525; *Schoonmaker v Ford Motor Co.,* 99 Misc 2d 1095). However, as *Schoonmaker* indicates, the question is different where the defendant files a notice of appearance and demand for a complaint, and the complaint is then served. There is no longer any question of a default judgment or lack of notice. Service of the notice of appearance should be held to confer jurisdiction unless it is lacking on some ground other than adequacy of the notice.

Here defendant appeared and demanded a complaint, albeit in the wrong court, but took no action to dismiss the complaint until after it was untimely served in response. Unlike the cited cases which were concerned only with the propriety of default judgments, we are concerned with the viability of the action. CPLR 305 (subd [b]) was intended as a shield to protect an unwary defendant from default judgment without proper notice, not a sword to trap a tardy or inattentive plaintiff into dismissal. The Legislature could not have intended to replace one sharp practice with another. Indeed, Professor Siegel's 1978 Practice Commentary (McKinney's Cons Laws of NY, Book 7B, Supplement, CPLR 3012:1, subds 17, 18, p 78) anticipates the "high price [of dismissal] for what would seem an innocent omission in the practice of even a conscientious but fallible [plaintiff's] lawyer", while at the same time noting that the plaintiffs' bar should not be encouraged toward careless disregard of the new service requirements on commencement of an action.

Here, plaintiff *pro se* commenced the action barely three days after the effective date of the new law. Defendant's notice of appearance and demand for complaint, although timely served, was miscaptioned "Civil Court/County of New York". Defendant asks us to overlook this concededly minor error, but insists that its *pro se* adversary's confusion and delay in reliance thereon should warrant the drastic remedy of dismissal of the complaint on jurisdictional grounds. Under these limited circumstances we cannot agree (cf. *Nemetsky v Banque Developpment De La Republique Du Niger,* 59 AD2d 527, mot for lv to app dsmd 43 NY2d 835). Service of the notice of appearance conferred jurisdiction.

This disposition is without prejudice to any motion defendant may be advised to make, addressed to the merits of the complaint.

The order of Supreme Court, New York County (MARKS, J.),

entered July 6, 1979, denying defendant's motion to dismiss the complaint for untimely service, should be affirmed, without costs.

SANDLER, SULLIVAN and BLOOM, JJ., concur.

Order, Supreme Court, New York County, entered on July 6, 1979, unanimously affirmed, without costs and without disbursements.