### (July 28, 1980)

■ AUGUSTUS AVERSANO et al., Respondents, v TOWN OF BROOKHAVEN, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County, dated September 18, 1979, which denied its motion to set aside service of process based upon plaintiffs' failure to comply with CPLR 305 (subd [b]) and to dismiss the complaint for lack of jurisdiction of the person of the defendant. Order affirmed, without costs or disbursements. About three months before the expiration of the Statute of Limitations, the plaintiffs served a summons without the notice required under CPLR 305 (subd [b]). The defendant responded with a notice of appearance and a

demand for a complaint, and before receipt of the complaint, but after expiration of the Statute of Limitations, moved to dismiss on the ground of lack of jurisdiction. Special Term denied the motion, noting that defendant had received a notice of claim and concluding that the failure to comply with CPLR 305 (subd [b]) was jurisdictional only in the case of a default judgment. In affirming, we note our agreement with Mr. Justice Fein's cogent analysis of CPLR 305 (subd [b]) in *Bal v Court Employment Project* (73 AD2d 69, 71), and his conclusion that in evaluating the consequences of a failure to place a 305 (subd [b]) indorsement upon a summons, "Service of the notice of appearance should be held to confer jurisdiction unless it is lacking on some ground other than adequacy of the notice." As Mr. Justice Fein further observed (p 71): "CPLR 305 (subd [b]) was intended as a shield to protect an unwary defendant from default judgment without proper notice, not a sword to trap a tardy or inattentive plaintiff into dismissal. The Legislature could not have intended to replace one sharp practice with another. Indeed, Professor Siegel's 1978 Practice Commentary (McKinney's Cons Laws of NY, Book 7B, Supplement, CPLR 3012:1, subds 17, 18, p 78) anticipates the 'high price [of dismissal] for what would seem an innocent omission in the practice of even a conscientious but fallible [plaintiff's] lawyer', while at the same time noting that the plaintiffs' bar should not be encouraged toward careless disregard of the new service requirements on commencement of an action." Lazer, J. P., Gibbons, Martuscello and O'Connor, JJ., concur.