■ MAX W. FRERK, Respondent, v MERCY HOSPITAL, Appellant. — In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Harwood, J.), dated August 30, 1982, which denied its motion to dismiss the complaint for lack of personal jurisdiction. Order reversed, on the law, with costs, motion granted, and complaint dismissed. On May 6, 1982, a little over a week before the expiration of the Statute of Limitations, the plaintiff delivered to the Sheriff pursuant to CPLR 203 (subd [b], par 5), a summons, which, however, was without the notice required under CPLR 305 (subd [b]). The Sheriff served defendant with a copy of the summons on May 14, 1982. On or about June 25, 1982 defendant moved to dismiss the action for lack of jurisdiction on the basis that the summons was jurisdictionally defective. The plaintiff served defendant with a copy of the complaint on July 8, 1982. Special Term denied the defendant's motion noting that, "[a]lthough service of a bare summons without the notice provisions required by CPLR 305 (b) would render any default entered thereon jurisdictionally defective * * * plaintiff's subsequent service of a complaint personally upon the defendant within the apparently applicable statute of limitations renders moot any question of notice". Special Term erred in denying the motion. The complete absence of the notice requirements contained in CPLR 305 (subd [b]) is a jurisdictional defect which renders the

summons insufficient not only for the purposes of taking a default judgment, but also to obtain jurisdiction over the defendant and commence the action (see *Parker v Mack,* 92 AD2d 699; *Ciaschi v Town of Enfield,* 86 AD2d 903; *Premo v Cornell,* 71 AD2d 223). Inasmuch as the summons was jurisdictionally defective, the 60-day extension of the Statute of Limitations period contained in CPLR 203 (subd [b], par 5, cl [i]), was not available to plaintiff, and, contrary to Special Term's determination, the commencement of the action was therefore untimely (see *Tamburo v P & C Food Markets,* 36 AD2d 1017). Our decision in *Aversano v Town of Brookhaven* (77 AD2d 641; see, also, *Bal v Court Employment Project,* 73 AD2d 69) is inapposite, as here defendant did not serve a notice of appearance, but, rather moved to dismiss pursuant to CPLR 3211 (subd [a], par 8), which is the proper procedural course to follow to contest improper service (Siegel, NY Prac, § 266, p 326; cf. *Fraley v Desilu Prods.,* 23 AD2d 79). Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.