OPINION OF THE COURT
Jones, J.
No action is commenced by the service of a summons alone which neither contains nor has attached to it a notice of the nature of the action and of the relief sought; accordingly, when such a summons is dismissed plaintiff may not *116 avail himself of the six-month extension for commencement of a new action upon the same transaction or occurrence provided by CPLR 205 (subd [a]) following dismissal, on grounds other than voluntary discontinuance, dismissal for neglect to prosecute or a final judgment on the merits, of an action which has been timely commenced.
On October 17, 1981, three years lacking one day after plaintiff wife was involved in an accident with defendant while driving plaintiff husband’s car, two summonses, unaccompanied by complaints, were served on defendant. Despite the requirement of CPLR 305 (subd [b]),[1] the papers served gave no notice either of the nature of the action or of the relief sought, and none was attached. When plaintiffs subsequently forwarded complaints to defendant’s counsel, they were returned and defendant moved to dismiss the actions on account of the insufficiency of the summonses.
Plaintiffs did not oppose the motion to dismiss, but, because more than three years had then elapsed since the auto accident of October 18, 1978, cross-moved for inclusion in the order of a provision reciting that they would have six months thereafter, under CPLR 205 (subd [a]),[2] within which to commence another action.
Supreme Court granted the motion to dismiss but included in the order the recital requested by plaintiffs. In so doing, it concluded that the absence from the summonses of the CPLR 305 (subd [b])-mandated notice was not a jurisdictional defect and had not prevented actions from being commenced by the service of those papers.
On appeal by defendant from so much of the order as authorized the commencement of a new action within six months, the Appellate Division modified by reversing the *117 provision of the order that had granted plaintiffs’ cross motion, holding that service of a summons, unaccompanied by a complaint and without the notice required by CPLR 305 (subd [b]), did not confer jurisdiction over defendant or constitute the timely commencement of an action, and that as a consequence the six-month extension created by CPLR 205 (subd [a]) was unavailable. Plaintiffs have appealed as of right. We affirm the order of the Appellate Division.
Prerequisite to the availability of the benefits of CPLR 205 (subd [a]) an earlier action must have been commenced, and timely so. CPLR 304 provides that an action “is commenced” and jurisdiction acquired by service of a summons, and CPLR 305 (subd [b]) mandates that if a complaint does not accompany it, the summons shall have the described notice on or attached to it. The language of the latter section is imperative, and the statutory dictates are clear — what is required for the commencement of an action is the proper service of a summons, and the summons, when unaccompanied by a complaint, must itself or by an attachment furnish to the defendant what has been described by the Judicial Conference (in its Annual Report recommending insertion of the prescriptive word “shall” in CPLR 305, subd [b]) as “at least basic information concerning the nature of plaintiff’s claim and the relief sought” (Twenty-third Ann Report of NY Judicial Conference, 1978, p 273). In another case we are today reaffirming our previous holdings that no action is commenced if the manner of service of the summons is not in compliance with statutory requirements (Markoff v South Nassau Community Hosp., 61 NY2d 283). The same result follows if the paper served is not in compliance with the statutory mandate as to substance and content (Ciaschi v Town of Enfield, 86 AD2d 903 [cited with approval in McLaughlin, 1982 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1983-1984 Cum Ann Pocket Part, CPLR C305:3, p 131; see Ann., 6 ALR3d 1043, 1053-1054; but see authorities cited dissenting opn, at pp 125-126). The Legislature, by its adoption of the amendment proposed by the Judicial Conference, has determined and fixed a defendant’s entitlement, at the time and as part of service of process, to knowledge concerning the claim being *118 asserted against him — an entitlement which imposes no conceivable burden or hardship on the plaintiff.
The dissent, although acknowledging the statement by the Judicial Conference (p 277) that, following adoption of the proposed amendment to CPLR 305 (subd [b]) mandating inclusion of the notice in question on a summons served alone, omission of such notice “would certainly constitute a jurisdictional defect”, would limit such impact to the effect on default judgments. Were such discrete — and unusual — consequences intended, the Legislature could readily have so provided. No such differentiation is evidenced in the statute however. In that circumstance, respect for legislative authority requires that we give equal effect for all purposes to the explicit addition of the imperative “shall” in CPLR 305 (subd [b]).
Although the dissent suggests that our decision is inconsistent with previous decisions of this court, in no case cited have we held that an action has been “commenced”, with resulting activation of the six-month extension provision of CPLR 205 (subd [a]) or its predecessor, when that action was terminated by reason of a deficiency related to obtaining jurisdiction over the person of the defendant. Thus, in Gaines v City of New York (215 NY 533) the dismissal was predicated on lack of subject matter jurisdiction of the court in which the first action had been commenced. In Carrick v Central Gen. Hosp. (51 NY2d 242) and George v Mt. Sinai Hosp. (47 NY2d 170) the earlier actions had been dismissed because of infirmities peculiar to the plaintiffs. The fatal consequence of a lack of jurisdiction over the person of the defendant as contrasted with a lack of subject matter jurisdiction for purposes of availability of a CPLR 205 (subd [a]) extension is well recognized (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C205:3, p 196, and Supplemental Practice Commentaries, Book 7B, 1983-1984 Cum Ann Pocket Part, pp 77-80).
Finally, we have rejected before (Smalley v Hutcheon, 296 NY 68), as we reject today (Markoff v South Nassau Community Hosp., 61 NY2d 283, supra) the argument that the fact of actual notice on the part of a defendant that plaintiff is seeking to litigate a claim against him is a *119 substitute for compliance with statutory prescriptions for commencement of an action against him. Acceptance of such a proposition might suggest the wholly unacceptable proposition that nothing more than a letter from counsel advising that a suit was being instituted, delivered to defendant, would serve to activate the provisions of CPLR 205 (subd [a]).[3]
Accordingly, the order of the Appellate Division should be affirmed, with costs.

. CPLR 305 (subd [b]) provides: “(b) Summons and notice. If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default.”

. CPLR 205 (subd [a]) provides: “(a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.”

. The dissent’s reliance on the provisions of CPLR 103 (subd [c]), 104, and 2101 (subd [fj) as authorizing disregard with respect to matters of form is inapposite. These provisions assume that an action has been properly commenced thereby triggering the availability of the mosaic of regulatory provisions of the CPLR. Moreover, the present deficiency is one of substance and content, not form.