OPINION OF THE COURT
Herbert Kramer, J.
Does the delivery of a supplemental summons and complaint upon the Sheriff or county clerk (CPLR 203, subd [b]), absent required judicial consent, toll the Statute of Limitations?
A series of supplemental summonses and complaints were served on four individual defendants in a medical malpractice action in November of 1983. The required court approval, pursuant to CPLR 305, was not obtained and the actions were dismissed. Contemporaneously, consent was given to serve supplementary summonses on these defendants by order dated March 1, 1984.
Prior to the running of the Statute of Limitations on January 20, 1984, copies of the summonses with notice were delivered to the requisite county clerk. Service was again made on the individual defendants after permission was obtained prior to March 20, 1984.
If the service challenged herein upon the Sheriff is effective, the Statute of Limitations would have been extended through the 20th of March, 1984.
The movant contends that delivery to the Sheriff within the period of the Statute of Limitations, absent requisite *371 judicial consent, is a nullity; does not toll the Statute of Limitations, and thus, the March service is defective as being without the statutory limitations. The respondents contend that delivery to the county clerk tolls the Statute of Limitations and was valid, since the permission was obtained nunc pro tunc and that valid service of the summons on the defendant was made after permission was obtained.
The movant relies on a series of cases, holding that the service of a bare summons, absent notice or complaint, is a nullity (Frerk v Mercy Hosp., 99 AD2d 504). In the last cited case, the bare summons was served upon the Sheriff prior to the expiration of the statutory period of limitations and the bare summons was served upon the defendant thereafter. The court held that the summons, absent the notice requirements (CPLR 305, subd [b]), is jurisdiction-ally defective for the purposes of both service and tolling.
This court holds that the delivery to the Sheriff of a summons and complaint, absent requisite consent, is not a jurisdictional defect and may be cured nunc pro tunc, and does, if served prior to the requisite consent, toll the Statute of Limitations.
The tolling provision of the CPLR should be given broad and nonrestrictive effect (1 Weinstein-Korn-Miller, NY Civ Prac, par 203.13). The Court of Appeals has agreed in Copeland v Salomon (56 NY2d 222). In that case, Special Term held that permission to sue a receiver may be obtained after commencement of the action nunc pro tunc. The Appellate Division reversed, holding that the plaintiff’s failure to comply with a condition precedent was jurisdictional and thus not curable by an order nunc pro tunc. The Court of Appeals reversed the Appellate Division and sustained Special Term. The court indicated that under circumstances such as the one at bar, the order may be entered nunc pro tunc since a defect of this type is not jurisdictional, unlike the rule in cases involving the service of a bare summons.
The requirement that judicial permission is a prerequisite to the addition of parties is statutory in origin, whose purpose is to allow a court to control its own calendar and *372 prevent the late addition of supplemental parties immediately prior to trial with its attendant consequences. The Court of Appeals in Copeland {supra) did not distinguish between statutory and court-made conditions prior to suit (see Nuernberger v State of New York, 41 NY2d 111; Thrasher v United States Liab. Ins. Co., 19 NY2d 159).
The court holds that the court’s permission in the case at bar served both to validate the service of a summons thereafter and as the court now holds to validate the delivery of the summons to the Sheriff prior thereto.
It should also be noted that CPLR 203 (subd [b], par 5) is but a tolling statute. It does not trigger the commencement of a cause of action. It only indicates the point of time at which the claim is interposed for Statute of Limitations purposes.
For the foregoing reasons, this court denies defendants’ motion.