OPINION OF THE COURT
Ralph A. Beisner, J.
On July 7, 1981, plaintiff in this action allegedly suffered a slip and fall which caused a lawsuit for personal injuries to be instituted against Big V Supermarkets, Inc., doing business as Shop Rite Supermarket, along with two other defendants. The instant application seeks dismissal pursuant to CPLR 3212 on the grounds that no jurisdiction has ever, been obtained over Big V Supermarkets, owing to defective service.
If such is the case, and jurisdiction was never obtained, the Statute of Limitations would prevent the reinstitution of this action (Parker v Mack, 61 NY2d 114).
On June 29,1984, counsel to the plaintiff attempted to effectuate service at the corporate headquarters of defendant Big V. It is uncontroverted that Shirley Hawxhurst accepted service of a summons at 4:25 p.m. on June 29, 1984, after speaking to John Hyland, attorney for the plaintiff. Pursuant to CPLR 311 (subd 1) personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: “[U]pan any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service”. Shirley Hawxhurst, by affidavit dated the 11th of *489 October, 1984, indicates that she is not qualified to accept service on behalf of Big V Supermarkets. Plaintiff’s counsel indicates to the contrary in that she represented herself as a person of responsibility, and accepted service without objection. Since both parties have raised factual matters, this matter is set down for a traverse hearing, and defendant shall file a note of issue and upon so doing and paying the costs incumbent therewith, the matter shall be placed on the calendar for a hearing.
Defendant Big V additionally seeks dismissal of this action because of the failure of the plaintiff to satisfy the requirements of CPLR 305 (subd [b]) requiring that if an action is to be instituted by way of a summons, the summons should not be bare, and should contain minimal notice such as the type of action, and the relief sought.
CPLR 305 (subd [b]) was originally instituted to prevent a default judgment based upon a bare notice. The rationale was such that if a party chose not to respond to a summons, at least they knew where they stood, with regard to a damages claim.
CPLR 305 (subd [b]) obtained a more sweeping effect upon civil law in the State of New York with the decision of Parker v Mack (61 NY2d 114, supra). In that decision, Judge Jones held that failure to comply with the notice provisions of CPLR 305 (subd [b]) amounted to a jurisdictional defect. As such, the plaintiff was held never to have commenced a valid action, and accordingly could not avail of the six-month extension of the Statute of Limitations provided under CPLR 205 (subd [a]).
The unequivocating language of Judge Jones states in the first sentence, “No action is commenced by the service of a summons alone which neither contains nor has attached to it a notice of the nature of the action and of the relief sought”. (Parker v Mack, 61 NY2d 114, 115, supra.) In criticizing the dissent of Judge Meyer, the majority indicated that it was not the legislative intent that CPLR 305 (subd [b]) was solely to prevent the bare summons default judgment. Rather, said the court, in interpreting legislative authority, the imperative language used in CPLR 305 (subd [b]), to wit, “shall”, indicates that no action should be deemed commenced. Judge Jones and the majority held that the purpose of CPLR 305 (subd [b]) is not merely to prevent entry of a default judgment on a bare summons, but rather the purpose of said section is to make it clear that use of a bare summons does not give personal jurisdiction. Thus, if one is to view the decision in the Parker case {supra), as *490 a broad brush stroke, in no instance where a bare summons is utilized to effectuate service will jurisdiction be held to exist.
However, the court did not address the issue which plaintiff’s counsel raised in his opposition, to wit: That the defendant Big V’s service of a notice of appearance effectuated a waiver of any personal jurisdictional defect. It is uncontroverted that in this action, the counsel for Big V served a notice of appearance, rather than immediately move pursuant to CPLR 3211 to dismiss. Plaintiff’s counsel cites Aversano v Town of Brookhaven (77 AD2d 641), and Bal v Court Employment Project (73 AD2d 69), as supporting the proposition that service of a notice of appearance waives a jurisdictional defect following service of a bare summons. Both parties cite the case of Frerk v Mercy Hosp. (99 AD2d 504), as supportive of their positions. However, it is apparent to this court that had the defendant submitted a notice of appearance in that case, any jurisdictional defect would have been waived. What is most significant about the above-cited cases is that the decision in each was made prior to the Court of Appeals decision in Parker v Mack (supra).
Thus, it is apparent to the court that up until the Parker case (supra), the service of a notice of appearance following service of a bare summons, in violation of CPLR 305 (subd [b]), cured a jurisdictional default. The rationale for this position was that since the danger in a bare summons situation is the possibility of a default judgment, the service of a notice of appearance eliminated this concern.
The issue for this court to determine is whether the Parker decision (supra) was meant to cast aside the notion that service of a notice of appearance cures a defect that is otherwise jurisdictionally defective.
It is the opinion of this court that the decision in Parker v Mack (supra) was not meant to have the sweeping effect that counsel for the defendant would assign to it. Counsel’s remedy would have been a motion to dismiss, prior to a notice of appearance, and this choice of action was not selected by counsel. Rather, a notice of appearance was served, and as such it is the opinion of this court that the alleged defect with respect to in personam jurisdiction has been waived (Aversano v Town of Brookhaven, supra; Bal v Court Employment Project, supra).
To assign defendants’ interpretation of the Parker case (supra), whereby a notice of appearance is not a waiver of a personal jurisdiction defense, in the opinion of this court is a legislative function which should soon be addressed.