OPINION OF THE COURT
Alan LeVine, J.
This is a motion by defendant City of New York to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the grounds that this action is time barred, or in the alternative, granting summary judgment.
Plaintiff opposes the application and cross-moves for leave to serve a supplemental summons.
This action arises out of a motor vehicle accident which occurred on July 26, 1982 and which plaintiffs allege was caused by a hazardous roadway and center divider located on the Interboro Parkway.
The Statute of Limitations applicable herein is one year and 90 days as set forth in General Municipal Law § 50-i.
Plaintiffs contend that a summons was served upon the defendant on October 24, 1983 and a verified complaint was served on or about May 8, 1984. It is conceded that the summons which plaintiffs served was a bare summons and not in compliance with CPLR 305 (b).
*720 The infant plaintiff further contends that the Statute of Limitations is tolled as to him.
Defendant contends that the summons was served upon it on October 25, 1983 — one year and 91 days after the cause of action arose. Defendant served a notice of appearance and demand for the complaint on October 27, 1983.
On June 8, 1984 the City of New York served its answer asserting the affirmative defense of the Statute of Limitations.
The City argues that the service of a bare summons is a jurisdictional nullity, but assuming, arguendo, that such defect has been waived, that the summons was not timely served.
It is clear that "[n]o action is commenced by the service of a summons alone which neither contains nor has attached to it a notice of the nature of the action and of the relief sought”. (Parker v Mack, 61 NY2d 114, 115.) The Court of Appeals has stated that service of a bare summons without the notice required by CPLR 305 (b) constitutes a jurisdictional defect.
The first question presented herein is whether the service of a notice of appearance and demand for the complaint by a defendant operates as a waiver of any defect in personal jurisdiction.
It had been held prior to the Court of Appeals decision in Parker v Mack (supra) that where a defendant submits a notice of appearance, the jurisdictional defect is waived. (Aversano v Town of Brookhaven, 77 AD2d 641; Bal v Court Employment Project, 73 AD2d 69; see also, Frerk v Mercy Hosp., 99 AD2d 504.)
It appears that the prior decisions were based on the rationale that once a defendant files a notice of appearance and demand for the complaint, and the complaint is served, there is no danger of an unwary defendant being subject to a default judgment. In Parker v Mack (supra), the Court of Appeals specifically rejected the argument raised by the dissent of Judge Meyer that the failure to comply with CPLR 305 (b) is jurisdictionally fatal only in the case of a default judgment.
The Aversano and Bal decisions would seem to create an exception to the general rule that service of a notice of appearance and demand for the complaint does not in and of itself constitute a waiver of any jurisdictional objection, and that such objection can be raised subsequently by a motion to dismiss under CPLR 3211 (a) (8) and (9) or instead as an affirmative defense in the answer pursuant to CPLR 3211 (e), 320 (b), and 320 (c) (2). (See, Siegel, NY Prac § 111.)
*721 In view of the clear statement in Parker v Mack (supra) that use of a bare summons does not give personal jurisdiction, it is the opinion of this court that the general rule that a defendant’s appearance in an action does not waive his right to make a timely jurisdictional objection as permitted under the CPLR, should control when a bare summons is served.
Accordingly, this court respectfully disagrees with the contrary holding in Benedetto v Big V Supermarkets (126 Misc 2d 488, 490) as to "whether the Parker decision * * * Was meant to cast aside the notion that service of a notice of appearance cures a defect that is otherwise jurisdictionally defective.”
In the case at bar, although this court finds that the notice of appearance and demand for the complaint did not operate to waive defendant’s jurisdictional objection, defendant’s failure to subsequently raise the objection in its answer or in a timely motion under CPLR 3211 (a) (8) precludes defendant from raising such objection to the defective summons at this juncture.
With respect to the defendant’s Statute of Limitations objection which was properly raised and preserved in the answer as an affirmative defense, an issue remains as to whether the summons was timely served.
Accordingly, the defendant’s motion is granted only to the extent that the matter is set down for a traverse hearing at Special Term, Part 2, of this courthouse, room 67, on October 10, 1985 at 9:30 a.m.
Plaintiffs cross motion is denied as moot.
Finally, with respect to the infant plaintiffs cause of action, it appears that in accordance with a prior order of the court dated April 4, 1985, proof of the infant’s age has now been supplied to the defendant which supports the claim of a toll of the Statute of Limitations based on infancy.