OPINION OF THE COURT
Edward J. Greenfield, J.
A New York Supreme Court summons and complaint was served upon defendant E.R. Squibb & Sons, Inc., in Princeton, New Jersey, alleging negligence, breach of warranty and products liability in connection with the manufacture and distribution of the injectable steroid drug Kenalog. The plaintiff resides in Nassau County and the summons designates New York County as the place of trial. The basis of the venue in the summons is left blank.
The Statute of Limitations having run on most, if not all causes of action, defendant Squibb now moves to vacate the summons and dismiss the action on the ground that the summons is jurisdictionally defective as not being in compliance with CPLR 305 (a). Plaintiff opposes dismissal, seeks leave to amend the summons, and cross-moves to consolidate *805 the action with one pending against a doctor for medical malpractice in administering the drug.
Squibb argues that the summons is jurisdictionally defective because CPLR 305 (a) mandates that a "summons shall specify the basis of the venue designated”.
The question is whether an omission to do so is fatal to the action. In Parker v Mack (61 NY2d 114), the Court of Appeals held that service of a summons without a complaint which did not contain notice of the nature of the action nor the relief demanded as specified in CPLR 305 (b) was jurisdictionally defective.
Section 305 (b) deals with the service of a naked summons. In such circumstances, it is apparent that the nature of the action and the relief demanded must be set forth, for if a defendant appears and demands a copy of the amplifying complaint, he is deemed to have waived any defects in the summons. (Bal v Court Employment Project, 73 AD2d 69.)
When a complaint is served with the summons, however, the defendant is informed in considerable detail about the nature of the action and its jurisdictional basis. Thus, even though the language of section 305 (a) appears just as mandatory as section 305 (b), there is no persuasive reason to dismiss the action when the complaint makes it clear, even though the summons does not, that the defendant is a foreign corporation licensed to do business in New York (indeed with principal offices in the well-known Squibb Building at 40 West 57th Street in Manhattan). It was almost 60 years ago that Judge Cardozo stated "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal.” (Wood v Duff-Gordon, 222 NY 88, 91.) What Parker (supra) sets forth as the imperatives for a summons are (1) the manner of service (Markoff v South Nassau Community Hosp., 61 NY2d 283); and (2) the substance and content (Ciaschi v Town of Enfield, 86 AD2d 903).
It is one thing for the naked summons to be declared jurisdictionally void where even in the absence of the specified notice the plaintiff seeks to obtain a default judgment. "Unlike the * * * cases * * * concerned only with the propriety of default judgments, we are concerned with the viability of the action. CPLR 305 (subd. [b]) was intended as a shield to protect an unwary defendant from default judgment without proper notice, not a sword to trap a tardy or inattentive plaintiff into dismissal. The Legislature could not have in *806 tended to replace one sharp practice with another.” (Bal v Court Employment Project, supra, p 71.)
Even if mistaken as to the . appropriate forum, a plaintiff should not be debarred from prosecution of the action. (Gaines v City of New York, 215 NY 533, 541 [Cardozo, J.].) Omissions in the summons which are not essential will be treated as mere irregularities susceptible to amendment, and not jurisdictional defects — e.g., the ad damnum (Premo v Cornell, 71 AD2d 223); if there is no default judgment the complaint may modify or increase the ad damnum (Everitt v Everitt, 3 AD2d 413); misnomer as to parties (Connor v Fish, 91 AD2d 744; Scaccia v Wallin, 99 AD2d 801). Judge Meyer, dissenting in Parker, noted by way of pointing up the formalism of the majority opinion, how absurd it would be if the requirement that the summons "shall specify the basis of the venue” were to be elevated to the level of a jurisdictional absolute. (61 NY2d 114, 127, n 5.)
McLaughlin, in his Practice Commentaries to CPLR 513, dealing with venue in consumer credit transactions, notes that because of abuse by creditors bringing their actions in remote counties, CPLR 305 (a) was amended to require the summons to designate the correct venue, but that "the concept of venue has no jurisdictional implications” (McKinney’s Cons Laws of NY, Book 7B, p 162; emphasis supplied).
CPLR 305 (c) expressly provides that "At any time, in its discretion and upon such terms as it deems just, the court may allow any summons * * * to be amended, if a substantial right of a party against whom the summons issued is not prejudiced.”
CPLR 2101 (f) similarly provides: "A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given.”
Accordingly, defendant Squibb’s motion to dismiss the action as jurisdictionally defective is denied, plaintiffs motion to amend the irregularity in the summons is granted, and the action shall be consolidated with the pending medical malpractice action presently pending against the treating doctor (Archer v Perlroth, index No. 13077/84), and transferred to the IAS part where that action is pending.