■ DONALD SIBLEY et al., Respondents, v LAKE ANNE REALTY CORP. et al., Appellants.—Appeal by the defendants from an order of the Supreme Court, Orange County (Green, J.), dated June 24, 1987, which granted the plaintiffs' motion for a preliminary injunction prohibiting the defendants from prosecuting any proceedings to terminate the plaintiffs' rights under the lease between the parties except in the present action.

Ordered that the order is reversed, with costs, and the plaintiffs' motion for a preliminary injunction is denied.

The plaintiffs served upon the defendants a summons and order to show cause and accompanying papers which sought a preliminary injunction preventing the defendants from commencing eviction proceedings against the plaintiffs. However, the plaintiffs failed to comply with CPLR 305 (b) in that neither the summons nor the papers attached thereto gave notice of the nature of the underlying action. Therefore, the plaintiffs failed to obtain personal jurisdiction over the defendants *(see, Parker v Mack,* 61 NY2d 114).

This court has previously held that the filing of a notice of appearance and demand for a complaint as was filed here is a waiver of this jurisdictional defect *(see, Aversano v Town of Brookhaven,* 77 AD2d 641; *see also, Bal v Court Employment Project,* 73 AD2d 69). However, the Court of Appeals subsequent decision in *Parker v Mack (supra)* which stressed the mandatory nature of CPLR 305 (b), casts doubt on whether such a waiver occurs. We conclude that since personal jurisdiction over the defendants had not been obtained, the defendants were free to raise the issue by way of motion *(see, CPLR 3211 [a] [8])* or, as they did here in their papers in response to the plaintiffs' order to show cause *(see, Le Conte v City of New York,* 129 Misc 2d 719). Having thus raised the issue, the defendants did not waive their objection thereto.

Accordingly, the motion should have been denied as personal jurisdiction was not obtained over the defendants. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.