**Mildred McKENZIE, Plaintiff,**

**v.**

**AMTRAK M OF E, Defendant.**

**No. 86 Civ. 1827 (PNL).**

United States District Court,
S.D. New York.

June 29, 1990.

Mildred McKenzie, pro se.

Siff Rosen & Parker, New York City, for Amtrak M of E.

## MEMORANDUM AND ORDER

LEVAL, District Judge.

This is an action for employment discrimination. Mildred McKenzie, *pro se,* was formerly employed as a coach cleaner for defendant Amtrak. She alleges that, as a result of her race and national origin, she was wrongfully denied the opportunity to work on holidays in April and July 1984, despite a "bumping rights" policy which allegedly permits employees to substitute for others with less seniority and even though the holidays fell on her regular working days. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.[1]

Defendant moves to dismiss the action pursuant to Fed.R.Civ.P. 4(j), on the grounds that service of process was not effected within 120 days of the filing of the complaint. Defendant also contends that plaintiff's Title VII claims are barred by her failure to institute this action within 90 days of receiving a Notice of Right to Sue from the EEOC, and that plaintiff's § 1981

claim is barred by *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

### *Discussion*

#### A. *Rule 4(j)*

■ The history of service of process in this case is fairly tangled. Plaintiff filed her complaint on March 3, 1986, and was granted permission to proceed *in forma pauperis* ("IFP"). On March 19, 1986, the U.S. Marshals mailed a copy of the summons and complaint to the defendants. According to court records, no response was ever received to the mail service.

Defendant avers that on or about March 25, 1986, Amtrak received a copy of the summons and "what appeared to be a complaint," together with a Notice and Acknowledgment form requesting return of service by mail. *See* Declaration of Sally Garr, at 1. Although the summons was legible, defendant alleges the complaint was far too faint to read, particularly plaintiff's substantive allegations. *Id.;* Ex. A. Defendant's counsel attempted to obtain a readable copy of the complaint from the Clerk of the Court, but the complaint was not in the court file on the day the file was requested. *Id.* at 2. Defendant's counsel then advised plaintiff by letter, dated April 16, 1986, that she was "unable either to acknowledge receipt of or to respond to your Complaint because the copy I received is totally unreadable." She advised plaintiff that Amtrak would respond to the complaint if plaintiff sent a readable copy to them. *Id.* at Ex. B. Defendant did not send a copy of this letter to the court, the U.S. Marshals, or the Pro Se Office, despite defendant's apparent awareness that plaintiff was proceeding *pro se. Id.* at 2.

---

1. It is unclear whether plaintiff also intends to assert claims for age and sex discrimination. In the Charge of Discrimination filed with the EEOC, plaintiff alleges that she was discriminated against because of her age as well as her race and national origin. In completing her *pro se* form complaint, plaintiff wrote on the front page that the action was "based upon my age, sex, and national origin." Later in the complaint, however, plaintiff makes repeated references to her race and national origin, but does not mention her age or sex. In a section requiring the plaintiff to check off the asserted bases for discrimination, plaintiff checked off race, color and national origin as the bases for alleged discrimination, but did not check off "gender (sex)." The court construes the complaint as stating a claim for age discrimination, which is at least mentioned in the EEOC charge, but not for sex discrimination, about which there are no allegations in either the complaint or the EEOC charge.

Plaintiff did not respond to defendant's letter. *Id.*

In early June, 1989, the court discovered through review of files that defendant had never acknowledged receipt of service. On June 7, 1989, I ordered the U.S. Marshals to serve a new copy of the summons and complaint on defendant. The second copy was mailed on June 12, 1989, and apparently received by defendant on or about June 16. Garr Affidavit at 2. Defendant signed the Notice and Acknowledgment of Receipt form on July 2, 1989.

Defendant now moves to dismiss the action on the grounds that plaintiff failed to serve a legible copy of the complaint on defendant within 120 days after filing her complaint with the court. Fed.R.Civ.P. 4(j).[2]

The argument that service should not be deemed to be effective unless a legible copy of both the summons and the complaint are received by the defendant is, ordinarily, a strong one. *Cf., Village of Wellsville v. Atlantic Richfield Co.*, 608 F.Supp. 497 (W.D.N.Y.1985) (summons served without complaint is jurisdictionally defective); *Parker v. Mack*, 61 N.Y.2d 114, 472 N.Y.S.2d 882, 460 N.E.2d 1316 (Ct.App. 1984) (same). In this case, however, there is little justification for invoking this principle to bar plaintiff's action. The defect in service (that the photocopy of the complaint provided was too faint) was not attributable to the plaintiff, but to court personnel, who are responsible for making copies of the initial pleadings for IFP litigants.[3] Moreover, defendant was less than

vigorous in notifying the proper officials about the defect, in order that it might be corrected. Defendant wrote a letter to the plaintiff advising her of the defect, but notified neither the U.S. Marshals nor the court of the problem, despite knowledge that the plaintiff was proceeding *pro se.* Defendant's counsel also apparently once attempted to find the original complaint in the court files, but upon discovering that the complaint was temporarily missing from the file, defendant did not contact chambers nor try again to locate the complaint.

This is not a case where the defect in service was such as to deprive the defendant of notice of the action being brought against it. Defendant avers that the summons was legible, and that it indicated that the plaintiff was proceeding *pro se.* The complaint was largely illegible as to its substance, but it was apparently accompanied by a perfectly legible copy of plaintiff's typewritten EEOC charge that furnished the same substantive allegations.[4] Under these circumstances, the notice-giving function of Rule 4(j) was essentially satisfied, and plaintiff is thus excused from her technical failure to comply with the 120–day provision.[5]

Defendant argues that it would be severely prejudiced by being forced to litigate this action now, four years after the filing of the action and roughly six years after the events alleged in the complaint. It argues that documents and witnesses concerning the events of 1984 will be difficult to locate. Defendant also advises that the

**2.** The plaintiff did not respond to defendant's motion. On January 22, 1990, the court wrote to plaintiff, reminding her of defendant's outstanding motion, and granting her an additional 60 days to respond before the motion would be decided solely on the basis of the defendant's papers. Soon afterwards, the plaintiff appeared at chambers and told my clerk that she still wished to pursue this action, and that she wished to respond to defendant's motion but did not know how to do so. She was directed to the Pro Se Office for assistance. However, no opposing papers were ever filed.

**3.** Fed.R.Civ.P. 4(d) provides that "the plaintiff shall furnish the person making service with such copies [of the summons and complaint] as

are necessary." In the case of a plaintiff who is proceeding *pro se* and *in forma pauperis,* however, the current practice in this court is that the Pro Se Office prepares the requisite number of copies of the summons and complaint for initial service on all defendants.

**4.** Defendant's motion papers contain an exhibit described as a "true and correct copy" of the summons and complaint received by defendant. This exhibit contains a clear copy of plaintiff's EEOC charge. *See* Garr Affidavit at Ex. A.

**5.** Because of the illegibility of the complaint served on defendant, defendant was not under obligation to answer, even if the service was sufficient under Rule 4(j).

EEOC destroyed its files on this action on August 11, 1988, as part of a routine housecleaning of apparently dormant cases. Declaration of Kathleen Raynsford, at 2.

Defendant is undoubtedly correct that the passage of time will have made this action far more difficult to litigate. However, that is not a sufficient justification for dismissing the action when defendant shares responsibility for the delay.

Accordingly, defendant's motion to dismiss the complaint under Fed.R.Civ.P. 4(j) is denied.

### B. *The 90–Day Filing Requirement*

Defendant next argues that plaintiff's Title VII claims are barred because she failed to institute this action within 90 days of receiving a Notice of Right to Sue issued by the EEOC. *See Baldwin v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Lo v. Pan American World Airways,* 787 F.2d 827 (2d Cir.1986).

There is some confusion as to the date the EEOC issued plaintiff a right to sue letter. Plaintiff alleges in her complaint that she received the letter on July 30, 1984, but this is clearly a mistake, as plaintiff lists the same date for the date she first filed her charge with the EEOC. Complaint at 2, ¶¶ 7–8. Defendant submits a letter from the EEOC indicating that the Right to Sue letter was issued on September 24, 1985. Raynsford Declaration, Ex. A. However, the copy of the Notice of Right to Sue attached to plaintiff's complaint contains a date stamp of October 9 next to the signature of the issuing official.[6]

▆▆▆ Had the letter been promptly delivered to plaintiff on October 9, 1985, her suit would not be timely as 105 more days elapsed before she submitted her complaint to the Pro Se Office of the court. How-

ever, a certified mail claim check attached to an EEOC envelope which plaintiff submitted with her complaint—presumably the envelope in which the Right to Sue letter was enclosed—reflects the date October 24, 1985 as the date of first notice to plaintiff that a certified letter had arrived at the post office. This suggests that plaintiff *received* the Right to Sue Notice at the earliest on October 24, and quite possibly a few days later. If October 24 was the date of receipt, plaintiff filed her action with the Pro Se Office on the 90th day after receipt.[7] This makes the action timely as the 90–day period runs from plaintiff's receipt of the notice, not from the date of issuance. 42 U.S.C. § 2000e–5(f)(1).

Accordingly, defendant's motion to dismiss plaintiff's Title VII claims is denied.

### C. *The § 1981 Claim*

Defendant argues, finally, that plaintiff's Section 1981 claim is barred by the Supreme Court's decision in *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), because the complaint alleges only on-the-job discrimination, not discrimination in the formation of the employment relationship.

In *Patterson,* the Court held that "racial harassment relating to the conditions of employment is not actionable under § 1981 because that provision does not apply to conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations." *Id.* 109 S.Ct. at 2369. The Court stressed that discriminatory "conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions," is actionable under Title VII, and to allow dual claims under both statutes would "undermine the detailed and well-crafted procedures for conciliation and res-

---

**6.** The year is illegible; it is not possible to obtain a legible copy as the EEOC has destroyed its files. It seems certain, however, that the year was 1985.

**7.** The action was not filed with the Clerk's office until March 3, 1986. However, a *pro se* action

is deemed commenced for statute of limitations purposes when the complaint is received by the Pro Se Office of the court, at least where *in forma pauperis* relief is granted. *See Toliver v. Sullivan County,* 841 F.2d 41 (2d Cir.1988).

olution of Title VII claims." *Id.* 109 S.Ct. at 2374.

■ Plaintiff alleges that she was wrongfully denied the opportunity to work on certain holidays in 1984, an allegation clearly going to events occurring after the formation of the employment relationship. She makes no allegation of discrimination relating to the formation of her employment contract, nor any allegation that defendant in some way interfered with her "ability to enforce through legal process [her] established contract rights." 109 S.Ct. at 2373. Accordingly, she has not stated a cognizable claim under 42 U.S.C. § 1981, as that provision was interpreted in *Patterson.*

### Conclusion

Defendant's motion to dismiss plaintiff's claim under 42 U.S.C. § 1981 is granted. Defendant's motion to dismiss plaintiff's Title VII claims, or to dismiss the entire action under Fed.R.Civ.P. 4(j), is denied.

SO ORDERED.