Pablo RAYO a/k/a Pablo Rajo, Plaintiff,

v.

STATE OF NEW YORK, Defendant.

No. 94–CV–0492.

United States District Court,
N.D. New York.

April 18, 1995.

38

LoPinto, Schlather Law Firm, Ithaca, NY (Raymond Schlather, of counsel), for plaintiff.

Dennis C. Vacco, Atty. Gen. of the State of N.Y., Albany, NY (Lawrence Doolittle, Asst. Atty. Gen., of counsel), for defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

In this civil rights action brought pursuant to 42 U.S.C. §§ 1981 and 1983, the plaintiff, formerly an inmate at the Camp Pharsalia Correctional Facility, alleges that various of his statutory and constitutional rights were violated by correction employees following an altercation between plaintiff and another inmate. The complaint alleges that the fight in question occurred on or about July 26, 1989, and that correction employees thereafter failed to provide plaintiff with any medical treatment.

Plaintiff initially brought his claim against the State in the Court of Claims for the State of New York. The claim asserted the same factual allegations and purported to raise the same causes of action as is alleged here. The Court of Claims dismissed the claim, except to the extent that the claim sought recovery for negligence. Now, plaintiff brings his action in this court.

Plaintiff's case was again dismissed in this court. The plaintiff had named the State as the sole defendant in the federal action not realizing that the State is immune from § 1983 liability based on the theory of sovereign immunity. The plaintiff was, however, given leave to amend his complaint. The amended complaint was to be filed within twenty days of the filing of the court's dismissal order. Plaintiff did so, and named Donald Bower as the sole defendant.

Presently before the court is defendant Bower's motion to dismiss plaintiff's complaint made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

As counsels are well aware, on a motion to dismiss, the facts alleged by the plaintiff are assumed to be true and must be liberally construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram*, 947 F.2d 1011, 1014 (2d Cir.1991), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). While the court need not accept mere conclusions of law, the court should accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom. *Murray v. City of Milford*, 380 F.2d 468 (2d Cir.1967). Thus, the court's inquiry on this Rule 12(b)(6) motion is merely directed to whether plaintiff's allegations constitute a statement of claim under Rule 8(a), which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

In sum, a complaint should not be dismissed for failure to state a claim unless it appears, beyond doubt, that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985); *Wanamaker v. Columbian Rope Co.*, 740 F.Supp. 127 (N.D.N.Y. 1990). It is in light of these considerations that the plaintiff's complaint is examined.

Defendant seeks dismissal on two theories: (1) the statute of limitations for plaintiff's federal claims have expired; and (2) plaintiff's service of process was insufficient.

### 1. Statute of Limitations

The undisputed facts indicate that plaintiff's § 1983 claims accrued on or about July 26, 1989. Taking into account the three year statute of limitations for § 1983 actions, *Owens v. Okure*, 488 U.S. 235, 250–51, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989), the statute of limitations for plaintiff's claims expired on or about July 26, 1992.

■ Reviewing the record, plaintiff did indeed file his claim within the prescribed time period. But, he did so in the New York State Court of Claims, naming as the sole defendant the State of New York. Subsequent to the Court of Claims' dismissal of plaintiff's claims and the expiration of the statute of limitations, plaintiff filed his action in this court. In so doing, plaintiff relies on the six month extension provision provided in N.Y.Civ.Prac.L. & R. § 205(a) (McKinney's 1990) (Supp.1995) to overcome the statute of limitations problem.

■ Even if this Court were to assume that the six-month extension applied to the instant case, the said provision would not save this case from dismissal. In examining the language of Section 205(a), it is plain that the six month extension applies only if the original court had personal jurisdiction over the same defendant as in the second case. *See* N.Y.Civ.Prac.L. & R. § 205(a) ("If an action is timely commenced and is terminated in any other manner than by ... a failure to obtain personal jurisdiction over the defendant ... the plaintiff ... may commence a new action ... within six month after the termination...."); *see also Markoff v. South Nassau Community Hospital*, 61 N.Y.2d 283, 473 N.Y.S.2d 766, 768, 461 N.E.2d 1253, 1255 (1984); *Parker v. Mack*, 61 N.Y.2d 114, 472 N.Y.S.2d 882, 882, 460 N.E.2d 1316, 1316 (1984). Thus, it is imperative that the plaintiff seeking to utilize the said section be able to demonstrate that the original dismissing court had jurisdiction over the defendant whom the plaintiff now seeks to reassert his claim in the second action.

In the case at bar, defendant Donald Bower was not a party to the initial action in State Court. Naturally therefore, the initial court, when dismissing the claim against the State, did not have jurisdiction over the defendant in question. Due to this lack of jurisdiction by the initial court, plaintiff cannot now rely on Section 205's six month extension to circumvent the statute of limitations barrier. Therefore, plaintiff's Section 205 argument is rejected. The fact that

defendant Bower may have had notice of plaintiff's claims prior to the expiration of the statute of limitations does not affect this outcome. *Markoff,* 473 N.Y.S.2d at 768, 461 N.E.2d at 1255 (actual notice does not affect outcome); *Parker v. Mack,* 472 N.Y.S.2d at 884, 460 N.E.2d at 1318 (same).

■ As for plaintiff's relation back argument, it is also rejected. The relation back doctrine has application only in instances where an original pleading is amended. Fed. R.Civ.P. 15. If such an amendment satisfies the requirements of Rule 15(c), the amended pleading "relates back" to the original pleading for statute of limitations purposes. The amendment does not, however, relate back to any prior proceedings which are not part of the action in question. *See* Fed.R.Civ.P. 15.

■ In the instant case, the plaintiff's amended federal pleading cannot relate back to the original New York Court of Claims pleading for statute of limitations purposes. At best, plaintiff's amended pleading relates back only to the initial pleading filed with this court on April 16, 1994. As such, plaintiff's reliance on the "relation back" doctrine is misplaced.

### III. CONCLUSION

For the stated reasons, plaintiff's § 1983 claims are time barred, and defendant's motion to dismiss is granted in its entirety.

**IT IS SO ORDERED.**