**In re GNK ENTERPRISES, INC., Debtor,**

**GNK ENTERPRISES, INC., individually and as assignee of claims of Atlantic Gypsum Corp., Inc., Plaintiff,**

**v.**

**CONAGRA, INC. as successor in interest to Woodward & Dickerson, Inc., Defendant.**

**Bankruptcy No. 95 B 40833 (BRL). Adv. No. 96/8321 A.**

United States Bankruptcy Court, S.D. New York.

June 28, 1996.

David H. Wander, New York City, for Plaintiff.

Richards & O'Neill, L.L.P. by Edward M. Fox, New York City, McGrath, North, Mullin & Kratz, P.C., by Douglas E. Quinn, Omaha, Nebraska, for Defendant.

*DECISION ON MOTION TO DISMISS*
*ADVERSARY PROCEEDING*

BURTON R. LIFLAND, Bankruptcy
Judge.

## I. BACKGROUND

On March 27, 1996, GNK Enterprises, Inc., (the "Debtor"), filed an adversary complaint individually and as assignee of Atlantic Gypsum Co. ("AGC") against ConAgra, Inc. ("ConAgra" or the "Defendant") as successor to Woodward & Dickerson ("Woodward & Dickerson"). The Debtor's complaint states seven claims for relief on behalf of AGC, which had assigned its claims to the Debtor in AGC's own bankruptcy case, and five claims for relief on the Debtor's own behalf. Of these twelve claims for relief, the first through tenth are grounded on state law causes of action, while the eleventh and twelfth are for expungement of ConAgra's proof of claim filed against this estate, and for equitable subordination of ConAgra's proof of claim, respectively.

In the first ten claims for relief in this adversary proceeding, the Debtor alleges that Woodward & Dickerson is liable to AGC and the Debtor on four theories: fraud, misrepresentation, breach of contract and negligence. The claims of fraud, misrepresentation and breach of contract arise out of events alleged to have occurred on or about December 30, 1986, the date of execution of a contract between AGC and Woodward & Dickerson for the purchase by AGC of raw gypsum ore from Woodward & Dickerson for a wallboard plant being built by AGC. The Debtor alleges that on December 30, 1986, the White & Case law firm, with the knowledge and consent of Woodward & Dickerson, substituted a page containing a currency-fluctuation clause to a previously executed contract for the supply of gypsum ore (the "Original Contract"). In connection with the Original Contract, and as security for the Original Contract, the Debtor and others signed a Subordinated Guaranty Agreement (the "Guaranty"). The Debtor's negligence claim arises out of allegedly faulty specifications for the construction of a raw gypsum ore storage shed which were provided by Woodward & Dickerson to AGC as part of the transaction between AGC and Woodward & Dickerson.

This is not the first court to have considered the Debtor's claims. These claims were previously asserted as a counterclaim in a suit in the United States District Court for the Southern District of New York, captioned *Woodward & Dickerson v. Atlantic Gypsum Co., Inc.*, case no. 88 Civ. 8226 (PKL) (*"Woodward v. AGC"*). The District Court Litigation is still on the District Court's docket, but was placed on the suspended calendar due to the filing of an involuntary bankruptcy petition against AGC on January 3, 1990. During the course of the AGC bankruptcy, AGC's claim against Woodward & Dickerson was assigned by AGC's trustee to the Debtor with the approval of Judge Gambardella of Bankruptcy Court for the District of New Jersey. It is AGC's claims under the Original Contract that the Debtor asserts as AGC's assignee in this adversary proceeding, in addition to the Debtor's own claims under the Guaranty.

In addition, similar claims were asserted by AGC, among others, in a case captioned *Atlantic Gypsum Co., Inc. [et al.] v. Lloyds International [et al.]* (*"AGC v. Lloyd's "*), in the United States District Court for the Southern District of New York, case no. 89 Civ. 8113(MBM). On the defendants' motion for dismissal in that case, District Judge Mukasey dismissed all of the plaintiffs' claims, holding, *inter alia*, that AGC had failed to plead fraud with the requisite specificity even after having been granted leave to replead. In so holding, Judge Mukasey held that

> [t]he alleged failure to disclose the replacement of documents placed in escrow with new pages prior to the loan closing was made by unnamed "defendants," while the alleged switch was done by undisclosed "defendants or their attorneys and agents" at some undisclosed time between September 15 and December 31, 1986. (Complaint ¶¶ 36-38). Both the allegation of a general fraudulent scheme to acquire control of AGC and these specific allegations, which, if true, may shed a bit of light on the possible existence of a general scheme, are fatally defective also for failing "to

particularize the roles of individual defendants in perpetrating the allegedly fraudulent acts, as is required by Rule 9(b)." Beauford [*Beauford v. Helmsley*], 740 F.Supp. [201] at 213 [ (S.D.N.Y.1990) ]. See also *Divittorio [v. Equidyne Extractive Industries* ], 822 F.2d [1242] at 1247 [ (2d Cir.1987) ] ("[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."); *O'Brien v. National Property Analysts Partners*, 719 F.Supp. 222, 227 (S.D.N.Y.1989) ("repeated blanket references to 'defendants' are impermissible").

753 F.Supp. 505, 512–13 (S.D.N.Y.1990)

Judge Mukasey further noted that "[p]laintiffs' theory of an alleged scheme to defraud defies logic." *Id.*, at 514.

Moreover, similar claims were asserted by GNK itself as a counterclaim in *Woodward & Dickerson v. Gerhard Kahn [et al.]*, case no. 89 Civ. 6733 (PKL) (S.D.N.Y.) (*"Woodward v. Kahn"*), an action against the guarantors under the Guaranty, including the Debtor and Gerhard Kahn, a principal of both the Debtor and AGC. In that case, Judge Leisure granted summary judgment to Woodward & Dickerson, holding that the claims asserted by AGC in the *Woodward v. AGC* which were suspended due to AGC's bankruptcy were unavailing when raised as defenses in the action against Kahn and GNK based on the Guaranty. Judge Leisure further held that GNK had waived its defenses to the Guaranty by failing to timely repudiate the Guaranty. Judge Leisure subsequently denied rehearing, and his decision was upheld by the Second Circuit on April 27, 1993 (docket no. 92–9342).

ConAgra, as successor in interest to Woodward & Dickerson, moves to dismiss this adversary proceeding arguing that the state law causes of action in GNK's first through tenth claims for relief are time barred, and that GNK is barred from objecting to ConAgra's proof of claim or seeking equitable subordination because GNK waived its defenses in the loan guaranty, and that these claims have been determined against GNK and AGC in other courts.

In response, GNK contends that the claims are not time barred because the pending, suspended *Woodward v. AGC* action in the District Court and AGC's breach of contract counterclaim in that action allows GNK, AGC's assignee, to assert these claims in this court.

## II. DISCUSSION

### A. MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

■ Under Rule. 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012 ("Bankruptcy Rule 7012"), a party may move to dismiss for failure to state a claim on which relief may be granted. Under FRCP 8(c), made applicable to this adversary proceeding by Bankruptcy Rule 7008, a party is required to affirmatively set forth the defense of statute of limitations in a pleading to a preceding pleading.

The Second Circuit has stated that

[w]hen deciding a motion to dismiss an action for failure to state a claim upon which relief may be granted, the court "must accept the material facts alleged in the complaint as true." *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994). Dismissal is only appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985).

*Staron v. McDonald's Corp.,* 51 F.3d 353 (2d Cir.1995).

If GNK has not asserted in its complaint any facts which would entitle it to a claim for which relief could be granted, this court must grant ConAgra's motion for dismissal.

### B. THE FIRST THROUGH TENTH CLAIMS FOR RELIEF ARE TIME–BARRED

■ Assuming the facts alleged in the complaint are true, GNK's claims for fraud,

misrepresentation, breach of contract and negligence are untimely. GNK's bankruptcy case was filed on February 28, 1995, and this adversary proceeding was filed on March 27, 1996. The applicable statutes of limitations for these claims are provided under New York law, as both the Original Contract and the Guaranty contain New York choice of law provisions. *Cargill v. Charles Kowsky Resources, Inc.,* 949 F.2d 51, 55 (2d Cir.1991) (absent violation of fundamental state policy, New York courts generally defer to the parties choice of law). The applicable New York statutes of limitation are:

1. Fraud, misrepresentation: the longer of six years from the date of the purported fraud or two years after the date on which plaintiff discovered the fraud or could have discovered the fraud with reasonable diligence. N.Y.Civ.Pro.Law & Rules §§ 213(8), 203(g).

2. Breach of contract: six years from the event giving rise to the breach. N.Y.Civ.Pro.Law & Rules §§ 213(2), 203(a).

3. Negligence: 3 years from the events giving rise to the negligence claim. N.Y.Civ.Pro.Law & Rules §§ 214, 203(a).

The acts complained of occurred on December 31, 1986, and GNK admits that Kahn discovered the substituted pages in November of 1987. Two years following Kahn's discovery of the allegedly substituted pages was November of 1989, and six years after the acts complained, the longer of the two periods, of was December 31, 1992. Accordingly, the last date to file an action based on fraud or misrepresentation was December 31, 1992.

■ Section 108(a) of the Bankruptcy Code does not serve to extend the statute of limitations. Section 108(a) provides that a debtor's time to commence an action is extended to the later of two years following the order for relief, or the end of the period provided under applicable law to commence such an action. The involuntary bankruptcy petition against AGC was filed on January 3, 1990, and an order for relief was entered on March 6, 1990. Two years following the entry of the order for relief was March 6, 1992. Thus, the two-year period following Kahn's discovery of the allegedly substituted pages, which had expired in November of 1989, prior to the filing of the involuntary petition against AGC, was not extended by § 108(a). As the six-year period following the date of the acts complained of did not fall within two years of the order for relief, § 108(a) does not extend the period to file an action on behalf of either AGC or GNK as AGC's assignee beyond December 31, 1992.

■ The GNK bankruptcy case was filed on February 28, 1995, after the last date to file an action on GNK's own behalf. Thus, § 108(a) does not extend the time in which GNK could file an action on its own behalf.

■ For the same reasons, the six-year statute of limitations under N.Y.Civ.Pro.Law & Rules §§ 213(2) and 203(g) on the breach of contract claim expired no later than September 20, 1994, as AGC notified Woodward & Dickerson of the breach of contract on September 20, 1988.

■ Finally, for the same reasons, the three-year statute of limitations under N.Y.Civ.Pro.Law & Rules §§ 214 and 203(a) on the negligence claim expired no later than December 31, 1989, three years following the execution of the contract under which the allegedly faulty specifications were provided.

## C. RELATION BACK UNDER FED. R.CIV.P. 15(c)

■ GNK contends that its claims were preserved by the District Court Litigation which was stayed by the involuntary petition against AGC, and that this adversary proceeding is, therefore, timely. However, GNK cites no authority for the proposition that an untimely-filed adversary proceeding can be related back to a pending, but stayed, lawsuit in the District Court, and this Court has found no authority which would support such a proposition.

Federal Rule of Civil Procedure 15(c), made applicable to adversary proceedings under Federal Rule of Bankruptcy Procedure 7015, is not applicable. Rule 15, by its terms, applies to the amendment of pleadings

to assert a claim or defense arising out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Rule 15(c) applies only to the initial proceeding, not to another, untimely, proceeding:

> The relation back doctrine has application only in instances where an original pleading is amended.... If such an amendment satisfies the requirements of Rule 15(c), the amended pleading 'relates back' to the original pleading for statute of limitations purposes. *The amendment does not, however, relate back to prior proceedings which are not part of the action in question.*

*Rayo v. State of New York,* 882 F.Supp. 37, 40 (N.D.N.Y.1995) (citations omitted) (emphasis added).

Here, there are two different actions, in two different courts, with the defendant in this adversary proceeding as plaintiff in the District Court Litigation. Under these circumstances the relation-back provisions of Fed.R.Civ.P. 15(c) are inapplicable. Accordingly, the Defendant's motion to dismiss the first through tenth claims for relief is granted.

### D. EXPUNGEMENT OF CLAIM AND EQUITABLE SUBORDINATION

■ The Debtor's eleventh claim for relief seeks to expunge the proof of claim filed by ConAgra based on Woodward & Dickerson's alleged inequitable conduct against AGC. Although the Defendant notes that objections to claims are to be filed as a simple contested matter under Federal Rule of Bankruptcy Procedure 3007, that Rule provides that if an objection to claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding. Here, the objection to ConAgra's claim set forth in the eleventh claim for relief was joined with demands for relief under 7001(1) and 7001(8), and is accordingly assertable in this adversary proceeding.

Under Section 502 of the Bankruptcy Code, a debtor may object to a proof of claim filed by a creditor. 11 U.S.C. § 502 (1995). If an objection to a claim is made, the court, after notice and a hearing, shall allow a claim except to the extent that the claim is unenforceable against the debtor and property of the debtor under any agreement or applicable law for a reason other than because the claim is contingent or unmatured. 11 U.S.C. § 502(b)(1).

The Debtor's twelfth claim for relief seeks to equitably subordinate ConAgra's proof of claim. The court, after notice and a hearing, may,

> under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest.

11 U.S.C. § 510(c)(1).

■ The Defendant claims that the Debtor's equitable subordination claim is time-barred under New York Civ.Pro.Law & Rules § 213(1)'s generic six-year statute of limitations for theories not specifically prescribed by law. However, the Debtor's claim is for equitable subordination by the bankruptcy court of a proof of claim filed against a bankruptcy estate. This claim for relief is founded on 11 U.S.C. § 510(c), rather than any state-law cause of action. Accordingly, the six-year statute relied upon by ConAgra is inapplicable. There is no specific statute of limitations applicable to equitable subordination claims. *See In re Badger Freightways, Inc.,* 106 B.R. 971, 974 (Bankr.N.D.Ill. 1989).

■ The Debtor argues that the objection to ConAgra's claim and its request to equitably subordinate ConAgra's claim are properly before this court. However, the operative facts on which the Debtor bases its claims for subordination or expungement of ConAgra's claim have already been determined against the Debtor by other courts. In *Woodward v. Kahn,* Judge Leisure held that the Debtor's defenses to the Guaranty were waived by the Debtor's failure to repudiate the Guaranty prior to the drawdown of funds by United Jersey Bank pursuant to a loan agreement and letter of credit, and that the Debtor's liability on the guaranty was therefore "clearly established as a matter of law." Opinion and Order dated June 24,

1991, at 9. Judge Leisure's decision was subsequently upheld by the Second Circuit. Thus, the Debtor's liability on the debt underlying the Defendant's proof of claim has been established as a matter of law. This Court will not second-guess the prior decision establishing liability, as to do so would impermissibly allow a collateral attack on an otherwise final judgment.

As previously noted, in *AGC v. Lloyds,* Judge Mukasey found no basis shown for sustenance of the fraudulent conduct theory and dismissed the claim. Again in this adversary proceeding, the Debtor has failed to overcome the deficiencies exposed by Judge Mukasey. The requirements of FRCP 9(b) are no less appropriate for the pleadings newly launched before me than they were before Judge Mukasey.

The claims for affirmative relief raised by the Debtor in its first through tenth claims for relief have already been determined adversely to AGC, the Debtor's assignor and to the Debtor itself. Thus, the Debtor cannot now relitigate those issues in the form of a claim for affirmative relief or as an objection to a proof of claim filed in this bankruptcy case.

Accordingly, the defendant's motion to dismiss the Debtor's eleventh and twelfth claim for relief is granted.

### III. CONCLUSION

The Defendant's motion under Fed. R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012 to dismiss the Debtor's first through tenth claims for relief is granted, as these claims are untimely. The Defendant's motion under Fed.R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012 to dismiss the Debtor's objection to the Defendant's proof of claim, and for subordination of the Defendant's proof of claim is granted, as the Debtor's liability on the debt underlying the proof of claim has previously been established as a matter of law, and all issues raised by the Debtor in opposition to the proof of claim have been determined adversely to the debtor or its predecessors in interest. Defendant is directed to submit an

order dismissing this adversary proceeding in accordance with this decision.